TOGUT, SEGAL & SEGAL LLP
One Penn Plaza
Suite 3335
New York, New York 10119
(212) 594-5000
Albert Togut
Frank A. Oswald
Brian F. Moore
Kyle J. Ortiz

*Proposed Counsel to the Debtors
 and Debtors in Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------x
                                :
In re:                          :    Chapter 11
                                :
TOISA LIMITED,                  :    Case No. 17-10184 (___)
                                :
        Debtor.                 :
                                :
--------------------------------x
                                :
In re:                          :    Chapter 11
                                :
UNITED AMBASSADOR, INC.,        :    Case No. 17-10202 (___)
                                :
        Debtor.                 :
                                :
--------------------------------x
                                :
In re:                          :    Chapter 11
                                :
UNITED BANNER, INC.,            :    Case No. 17-10204 (___)
                                :
        Debtor.                 :
                                :
--------------------------------x
                                :
In re:                          :    Chapter 11
                                :
UNITED COURAGE, INC.,           :    Case No. 17-10185 (___)
                                :
        Debtor.                 :
                                :
--------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| TRADE VISION, INC., | Case No. 17-10186 (___) |
| Debtor. | |

| | |
|---|---|
| In re: | Chapter 11 |
| UNITED JOURNEY, INC., | Case No. 17-10187 (___) |
| Debtor. | |

| | |
|---|---|
| In re: | Chapter 11 |
| UNITED KALAVRYTA, INC., | Case No. 17-10188 (___) |
| Debtor. | |

| | |
|---|---|
| In re: | Chapter 11 |
| TRADE SKY INC., | Case No. 17-10189 (___) |
| Debtor. | |

| | |
|---|---|
| In re: | Chapter 11 |
| TRADE INDUSTRIAL DEVELOPMENT CORPORATION, | Case No. 17-10190 (___) |
| Debtor. | |

| | | |
|---|---|---|
| ------------------------------- x | : | |
| In re: | : | Chapter 11 |
| | : | |
| UNITED HONOR, INC., | : | Case No. 17-10192 (___) |
| | : | |
| Debtor. | : | |
| | : | |
| ------------------------------- x | : | |
| In re: | : | Chapter 11 |
| | : | |
| TRADE WILL, INC., | : | Case No. 17-10193 (___) |
| | : | |
| Debtor. | : | |
| | : | |
| ------------------------------- x | : | |
| In re: | : | Chapter 11 |
| | : | |
| UNITED LEADERSHIP, INC., | : | Case No. 17-10194 (___) |
| | : | |
| Debtor. | : | |
| | : | |
| ------------------------------- x | : | |
| In re: | : | Chapter 11 |
| | : | |
| UNITED SEAS, INC., | : | Case No. 17-10191 (___) |
| | : | |
| Debtor. | : | |
| | : | |
| ------------------------------- x | : | |
| In re: | : | Chapter 11 |
| | : | |
| UNITED DYNAMIC, INC., | : | Case No. 17-10195 (___) |
| | : | |
| Debtor. | : | |
| | : | |
| ------------------------------- x | | |

```
------------------------------- x
                                :
In re:                          :   Chapter 11
                                :
UNITED EMBLEM, INC.,            :   Case No. 17-10196 (___)
                                :
            Debtor.             :
                                :
------------------------------- x
                                :
In re:                          :   Chapter 11
                                :
UNITED IDEAL INC.,              :   Case No. 17-10197 (___)
                                :
            Debtor.             :
                                :
------------------------------- x
                                :
In re:                          :   Chapter 11
                                :
TRADE UNITY, INC.,              :   Case No. 17-10198 (___)
                                :
            Debtor.             :
                                :
------------------------------- x
                                :
In re:                          :   Chapter 11
                                :
TRADE QUEST, INC.,              :   Case No. 17-10199 (___)
                                :
            Debtor.             :
                                :
------------------------------- x
                                :
In re:                          :   Chapter 11
                                :
TRADE SPIRIT, INC.,             :   Case No. 17-10200 (___)
                                :
            Debtor.             :
                                :
------------------------------- x
```

```
------------------------------- x
                                :
In re:                          :   Chapter 11
                                :
TRADE RESOURCE, INC.,           :   Case No. 17-10201 (___)
                                :
          Debtor.               :
------------------------------- x
                                :
In re:                          :   Chapter 11
                                :
TRADE PROSPERITY, INC.,         :   Case No. 17-10183 (___)
                                :
          Debtor.               :
                                :
------------------------------- x
                                :
In re:                          :   Chapter 11
                                :
EDGEWATER OFFSHORE SHIPPING     :   Case No. 17-10203 (___)
LTD.,                           :
                                :
          Debtor.               :
                                :
------------------------------- x
                                :
In re:                          :   Chapter 11
                                :
TOISA HORIZON, INC.,            :   Case No. 17-10205 (___)
                                :
          Debtor.               :
                                :
------------------------------- x
                                :
In re:                          :   Chapter 11
                                :
TRADE AND TRANSPORT, INC.,      :   Case No. 17-10206 (___)
                                :
          Debtor.               :
                                :
------------------------------- x
```

**DEBTORS' MOTION FOR ORDER
(I) UNDER FED. R. BANKR. P. 1015(b) DIRECTING JOINT
ADMINISTRATION OF THE CHAPTER 11 CASES AND (II) WAIVING
<u>REQUIREMENTS OF 11 U.S.C. § 342(c)(1) AND FED. R. BANKR. P. 2002(n)</u>**

5

Toisa Limited and certain of its affiliates, the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors"), hereby apply (the "Motion") for entry of an order, under section 342(c)(1) of title 11 of the United States Code (the "Bankruptcy Code") and Rules 1015(b) and 2002(n) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (i) directing the joint administration of the Debtors' separate chapter 11 cases for procedural purposes only and (ii) waiving the requirement that the captions in these chapter 11 cases contain certain identifying information with respect to each Debtor. In support of this Motion, the Debtors rely upon and incorporate by reference the *Declaration of Robert Hennebry Pursuant to Local Bankruptcy Rule 1007-2 and in Support of the Debtors' Chapter 11 Petitions and First Day Pleadings*, filed with the Court concurrently herewith (the "First-Day Declaration").[1] In further support of the Motion, the Debtors, by and through their undersigned counsel, respectfully represent as follows:

## JURISDICTION

1. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2. The predicates for the relief requested herein are section 342(c)(1) of the Bankruptcy Code and Bankruptcy Rules 1015(b) and 2002(n).

## BACKGROUND

3. The factual background regarding the Debtors is set forth in the First-Day Declaration. On the date hereof (the "Petition Date"), the Debtors each commenced a

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the First-Day Declaration.

6

case by filing a petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). The Debtors continue to operate their business and manage their property as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108. No trustee or examiner has been appointed in these Chapter 11 Cases. As of the date hereof, no creditors' committee has been appointed.

## RELIEF REQUESTED

4. By this Motion, the Debtors seek entry of an order, under Bankruptcy Rule 1015(b), consolidating the Chapter 11 Cases for procedural purposes only and waiving the requirement of section 342(c)(1) of the Bankruptcy Code and Bankruptcy Rule 2002(n) that the case caption and other notices mailed in these Chapter 11 Cases contain the tax identification number and address for each Debtor. As an alternative to including each Debtor's address and tax identification number in the caption, the Debtors propose adding a footnote listing all of the Debtors, their addresses, and the last four digits of their tax identification numbers (if applicable).

## BASIS FOR RELIEF

5. Bankruptcy Rule 1015(b) provides that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b). The Debtors are each "affiliates" of each other as that term is defined in section 101(2) of the Bankruptcy Code and as used in Bankruptcy Rule 1015(b). Specifically, Debtor Toisa Limited is the direct or indirect parent of all of the other Debtors in these Chapter 11 Cases. Thus, joint administration of the Chapter 11 Cases is appropriate under Bankruptcy Rule 1015(b).

6. Moreover, the joint administration of the Chapter 11 Cases will permit the Clerk of the Court to use a single general docket for each of the Chapter 11 Cases and to

7

combine notices to creditors and other parties in interest of the Debtors' respective estates. Indeed, the Debtors anticipate that numerous notices, applications, motions, other pleadings, hearings, and orders in these Chapter 11 Cases will affect several of the Debtors.

7. Joint administration will also save time and money and avoid duplicative and potentially confusing filings by permitting counsel for the Debtors and for parties in interest to (a) use a single caption on the numerous documents that will be served and filed herein and (b) file the papers in one case rather than in multiple cases. Finally, joint administration will protect parties in interest by ensuring that parties in each of the Debtor's respective Chapter 11 Cases will be apprised of the various matters before the Court in these Chapter 11 Cases.

8. The rights of the respective creditors of each of the Debtors will not be adversely affected by joint administration of these Chapter 11 Cases inasmuch as the relief sought herein is purely procedural and is in no way intended to affect substantive rights. Each creditor and other party in interest will maintain whatever rights it has against the particular estate against which it allegedly has a claim or right.

9. In furtherance of the foregoing, the Debtors request that the official caption of the Chapter 11 Cases to be used by all parties in all pleadings in the jointly administered cases be as follows:

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------- x
                                 :
In re:                           : Chapter 11
                                 :
TOISA LIMITED, *et al.*,         : Case No. 17-10184 (___)
                                 :
         Debtors.                : (Jointly Administered)
                                 :
-------------------------------- x

8

10.     The Debtors submit that use of this simplified caption without full tax identification numbers and previous names will ensure a uniformity of pleading identification.  The Debtors also propose to consolidate these Chapter 11 Cases under the chapter 11 case of "Toisa Limited" because of its recognizable name to the Debtors' creditor bodies at large and other parties in interest.  All pleadings filed and each notice mailed by the Debtors will include a footnote listing all of the Debtors, their addresses, and the last four digits of their tax identification numbers (if applicable).  Moreover, the full tax identification numbers and previous names, if any, will be listed in the petitions for each Debtor, and such petitions are publicly available to parties, including on a website to be maintained by the Debtors' claims and noticing agent, and will be provided by the Debtors upon request.  Therefore, the Debtors submit that the policies behind the requirements of Bankruptcy Rule 2002(n) have been satisfied.

11.     In addition, the Debtors request that the Court make separate docket entries on the docket of each of the Chapter 11 Cases (except that of Toisa Limited), substantially similar to the following:

> "An order has been entered in this case consolidating this case with the case of Toisa Limited (17-10184 (___)) for procedural purposes only and providing for its joint administration in accordance with the terms thereof.  The docket in Case No. (17-10184 (___)) should be consulted for all matters affecting the above listed case."

12.     It would be far more practical and expedient for the administration of these Chapter 11 Cases if the Court were to authorize their joint administration.  The Debtors envision that many of the motions, hearings, and other matters involved in these Chapter 11 Cases will affect all of the Debtors.  Consequently, joint administration will reduce costs and facilitate a more efficient administrative process, unencumbered by the procedural problems otherwise attendant to the administration of separate, albeit related, chapter 11 cases.

9

13.     Joint administration will also allow the Court and the Debtors to employ a single docket for all of the Chapter 11 Cases and to confine, and thereby simplify, notice to creditors and other parties in interest in these bankruptcy cases.  Joint administration will also enable parties in interest in each of the Chapter 11 Cases to stay apprised of all matters before the Court.  Finally, joint administration will ease the burden on the United States Trustee (the "U.S. Trustee") in supervising these bankruptcy cases.

14.     Moreover, waiver of the requirements imposed by section 342(c)(1) of the Bankruptcy Code and Bankruptcy Rule 2002(n) that the Debtors' caption and other notices mailed in these Chapter 11 Cases include the Debtors' tax identification numbers and other information relating to the Debtors is appropriate in these Chapter 11 Cases.  Including the Debtors' tax identification numbers and addresses on each caption would be unduly cumbersome, and may be confusing to parties in interest.  More importantly, waiver of the tax identification number and address requirement is purely procedural in nature and will not affect the rights of parties in interest, especially given that the Debtors propose to include in each pleading they file and notice they mail a footnote listing all of the Debtors, their addresses, and the last four digits of their tax identification numbers (if applicable).

15.     For these reasons, the Debtors submit that the relief requested herein is in the best interest of the Debtors, their estates, creditors, and other parties in interest and, therefore, should be granted.

## WAIVER OF BANKRUPTCY RULE 6004(a) AND 6004(h)

16.     To implement the foregoing successfully, the Debtors request that the Court enter an order providing that notice of the relief requested herein satisfies Bankruptcy Rule 6004(a) and that the Debtors have established cause to exclude such relief from the 14-day stay period under Bankruptcy Rule 6004(h).

## NOTICE

17. Notice of this Motion shall be given to: (a) the United States Trustee for the Southern District of New York; (b) the Debtors' material prepetition secured lenders; (c) the parties listed in the consolidated list of thirty (30) largest unsecured creditors filed by the Debtors in these Chapter 11 Cases; (d) the Internal Revenue Service; and (e) any such other party entitled to notice pursuant to Local Bankruptcy Rule 9013-1(b). The Debtors submit that no other or further notice need be provided.

## NO PRIOR REQUEST

18. No previous request for the relief sought herein has been made to this Court or any other court.

## **CONCLUSION**

**WHEREFORE**, the Debtors respectfully request that the Court enter an order, substantially in the form annexed hereto as Exhibit A, granting the relief requested in this Motion and such other and further relief as may be just and proper.

DATED:  New York, New York
January 29, 2017

TOGUT, SEGAL & SEGAL LLP,
*Proposed Counsel to the Debtors and Debtors in Possession*
Toisa Limited, *et al.*,

By:

/s/ Albert Togut
ALBERT TOGUT
FRANK A. OSWALD
BRIAN F. MOORE
KYLE J. ORTIZ
One Penn Plaza, Suite 3335
New York, New York  10119
(212) 594-5000