TOGUT, SEGAL & SEGAL LLP
One Penn Plaza, Suite 3335
New York, NY  10119
(212) 594-5000
Albert Togut
Frank A. Oswald
Brian F. Moore
Kyle J. Ortiz

*Proposed Counsel for the Debtors and Debtors in Possession*

------------------------------------------------------------X
                                                            :
TOISA LIMITED, *et al.*,                                    :      Chapter 11
                                                            :      Case No. 17-10184 (___)
                                                            :
                        Debtors.[1]                         :      (Joint Administration Pending)
                                                            :
------------------------------------------------------------X

**DEBTORS' MOTION FOR ORDER UNDER 11 U.S.C. § 105(a) AND 342(a), FED. R. BANKR. P. 1007(d) AND 2002, AND LOCAL BANKRUPTCY RULE 1007-1 (I) WAIVING CERTAIN CREDITOR LIST FILING REQUIREMENTS; (II) AUTHORIZING THE FILING OF A CONSOLIDATED LIST OF TOP 30 UNSECURED CREDITORS; (III) AUTHORIZING DEBTORS TO ESTABLISH PROCEDURES FOR NOTIFYING PARTIES OF THE COMMENCEMENT OF THESE CASES; AND (IV) ESTABLISHING OMNIBUS HEARING DATES**

Toisa Limited and certain of its affiliates and subsidiaries, the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") apply (the "Motion") for entry of an order, substantially in the form attached hereto as Exhibit A, under sections 105(a) and 342(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 1007(d) and 2002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 1007-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York ("Local Bankruptcy Rules") (a) waiving the requirements applicable to creditor list filings under

---

[1] The Debtors are as follows: Trade Prosperity, Inc.; Toisa Limited; United Courage, Inc.; Trade Vision, Inc.; United Journey, Inc.; United Kalavryta, Inc.; Trade Sky, Inc.; Trade Industrial Development Corporation; United Honor, Inc.; Trade Will, Inc.; United Leadership Inc.; United Seas, Inc.; United Dynamic, Inc.; United Emblem, Inc.; United Ideal Inc.; Trade Unity, Inc.; Trade Quest, Inc.; Trade Spirit, Inc.; Trade Resource, Inc.; United Ambassador, Inc.; Edgewater Offshore Shipping, Ltd.; United Banner, Inc.; Toisa Horizon, Inc.; and Trade and Transport Inc.

Local Bankruptcy Rule 1007-1; (b) authorizing the Debtors to file a single consolidated list of the thirty (30) largest unsecured creditors in these chapter 11 cases in lieu of filing a list of each Debtor's twenty (20) largest unsecured creditors under Bankruptcy Rule 1007(d); (c) authorizing the Debtors to establish certain procedures for notifying parties of the commencement of these chapter 11 cases and of the meeting of creditors to be held pursuant to section 341 of the Bankruptcy Code; and (d) establishing omnibus hearing dates. In support of this Motion, the Debtors rely upon and incorporate by reference the *Declaration of Robert Hennebry Pursuant to Local Bankruptcy Rule 1007-2 and in Support of the Debtors' Chapter 11 Petitions and First Day Pleadings* filed with the Court concurrently herewith (the "First-Day Declaration").[2] In further support of the Motion, the Debtors, by and through their undersigned counsel, respectfully represent as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2. The predicates for the relief requested herein are sections 105(a) and 342(a) of the Bankruptcy Code, Bankruptcy Rules 1007(d) and 2002, and Local Bankruptcy Rule 1007-1.

## BACKGROUND

3. The factual background regarding the Debtors is set forth in the First-Day Declaration. On the date hereof (the "Petition Date"), the Debtors each commenced a case by filing a petition for relief under chapter 11 of the Bankruptcy

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the First-Day Declaration.

Code (collectively, the "Chapter 11 Cases"). The Debtors continue to operate their business and manage their property as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108. The Debtors have requested joint administration of these Chapter 11 Cases by motion filed concurrently herewith. No trustee or examiner has been appointed in these Chapter 11 Cases. As of the date hereof, no creditors' committee has been appointed.

## RELIEF REQUESTED

4. By this Motion, the Debtors seek entry of an order (a) waiving the requirements applicable to creditor list filings pursuant to Local Bankruptcy Rule 1007-1 (collectively, the "List Filing Requirements"); (b) authorizing the Debtors to file a single consolidated list of the thirty (30) largest unsecured creditors in these Chapter 11 Cases (the "Consolidated Top 30 List"), rather than a list of each Debtor's twenty (20) largest unsecured creditors (the "Top 20 List"), excluding insiders, pursuant to Bankruptcy Rule 1007(d); (c) authorizing the Debtors to establish certain procedures (the "Procedures") for providing notice to parties of the commencement of these Chapter 11 Cases and of the meeting of creditors pursuant to section 341 of the Bankruptcy Code (the "Notice of Commencement"); and (d) establishing omnibus hearing dates. As set forth below, the Procedures establish guidelines for (i) the mailing of the Notice of Commencement and (ii) the publication of the Notice of Commencement. The proposed form of Notice of Commencement is attached hereto as Exhibit B.

**BASIS FOR RELIEF**

A.     **The Court Should Waive the List Filing Requirements**

5.     Under the List Filing Requirements and the procedures set forth therein, lists, schedules, and statements filed pursuant to Bankruptcy Rule 1007 must comply with the Court's standing orders. S.D.N.Y. LBR 1007-1. Amended General Order M-138 requires, among other things, that creditor lists filed with the Court be formatted in a particular manner and that lists be filed individually by each Debtor. See Gen. Ord. M-138.

6.     The Debtors have filed, or will soon file, a motion to retain a claims and noticing agent (the "Noticing Agent") as agent for the Clerk of Court ("Clerk") to assist the Clerk with, among other things, the notices to be provided in these Chapter 11 Cases. The Noticing Agent has prepared a consolidated list of creditors and potential parties in interest (the "Creditor List") based on the names and addresses that the Debtors maintained in their databases or were otherwise readily ascertainable by the Debtors prior to the Petition Date. The Debtors have provided to the Clerk an electronic copy of the Creditor List. The Creditor List is in a format ordinarily used by the Noticing Agent and might not comply with all or some of the various List Filing Requirements.

7.     Under the circumstances, re-formatting the Creditor List, preparing and filing separate formatted creditor matrices, and otherwise complying with the List Filing Requirements will impose unnecessary administrative burdens on, and will distract, the Debtors without any corresponding benefit to the estates. Accordingly, the Debtors request that the Court waive the List Filing Requirements and deem the Creditor List submitted to the Clerk in electronic format, in lieu of filing a formatted creditor matrix, to be adequate and sufficient.

8.  To ensure the availability of a current master mailing list to all parties in these Chapter 11 Cases, the Debtors propose to provide, through the Noticing Agent, an updated Creditor List to the Clerk in electronic format on a regular basis.

**B.  The Court Should Authorize the Debtors to File a Single Consolidated Top 30 List**

9.  Apart from the List Filing Requirements, Bankruptcy Rule 1007(d) requires a debtor to file a Top 20 List containing information on its twenty (20) largest unsecured creditors, excluding insiders.  Fed. R. Bankr. P. 1007(d).  The Top 20 List is used to facilitate the appointment of a creditors' committee by the United States Trustee (the "U.S. Trustee").  *See In re Dandy Doughboy Donuts, Inc.*, 66 B.R. 457, 458 (Bankr. S.D. Fla. 1986) ("The purpose of the separate list of 20 largest creditors required by [Bankruptcy Rule 1007(d)] is to enable the clerk to identify members and the court to appoint immediately an unsecured creditors' committee in compliance with 11 U.S.C. 1102(a)(1).").

10.  If the creditors' committee is ultimately deemed appropriate, the Consolidated Top 30 List will be sufficient to aid in the U.S. Trustee's appointment of a creditors' committee.  As with the List Filing Requirements discussed above, requiring each of the Debtors to file a Top 20 List would be unduly burdensome, with little, if any, attendant value to the Debtors' estates or the U.S. Trustee.  Accordingly, the Debtors request that the Court waive the requirement that each of the Debtors file a Top 20 List and instead authorize the Debtors to file a single Consolidated Top 30 List.

**C.  The Proposed Procedures for the Notice of Commencement**

11.  Bankruptcy Rule 2002(a) provides, in relevant part, that "the clerk, or some other person as the court may direct, shall give the debtor, the trustee, all creditors and indenture trustees at least 21 days' notice by mail of . . . the meeting of

creditors under § 341 or § 1104(b) of the Code." Fed. R. Bankr. P. 2002(a)(1). Furthermore, Bankruptcy Rule 2002 provides that notice of the order for relief shall be sent by mail to all creditors and shareholders. Fed. R. Bankr. P. 2002(d) and (f). The Debtors request authority for their Noticing Agent to serve by regular mail the Notice of Commencement, substantially in the form of <u>Exhibit B</u>, to creditors and shareholders in accordance with Bankruptcy Rule 2002.

12. Bankruptcy Rule 2002(l) permits the Court to order "notice by publication if it finds that notice by mail is impracticable or that it is desirable to supplement the notice." Fed. R. Bankr. P 2002(1). In addition to mailing the Notice of Commencement, the Debtors propose to publish, as soon as reasonably practicable, the Notice of Commencement, substantially in the form of <u>Exhibit B</u>, on the website maintained by the Noticing Agent at www.kccllc.net/toisa. The Debtors believe that such publication of the Notice of Commencement will provide sufficient notice to persons who do not otherwise receive notice by mail.

13. These proposed Procedures will ensure that the Debtors' creditors and shareholders receive prompt notice of the commencement of these Chapter 11 Cases and of the meeting of creditors. Section 105(a) of the Bankruptcy Code empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). The Debtors submit that implementation of the Procedures is appropriate in these Chapter 11 Cases to provide adequate notice and within the Court's equitable powers under section 105 of the Bankruptcy Code. The Debtors hereby request that the Court approve the foregoing as providing sufficient notice of the commencement of these Chapter 11 Cases.

**D.      Omnibus Hearing Dates**

14.     The Debtors request that the Court schedule regular omnibus hearings to consider all notices, motions, application and other requests for relief, all briefs, memoranda, affidavits, declarations, replies and other documents filed in support of such papers seeking relief, and all objections and responses to such request for relief (collectively, the "Omnibus Hearings").  Unless otherwise ordered by this Court for good cause shown, the Debtors request that all matters will be heard initially at these Omnibus Hearings.  If Omnibus Hearing dates are known in advance, parties will be better able to plan for hearings, thus reducing the need for emergency hearings and/or expedited relief and fostering the consensual resolution of important matters. Accordingly, this relief will likely minimize the costs and expenses associated with the otherwise numerous, and potentially irregularly scheduled, hearing dates.  The Debtors request that the Court establish the initial schedule of Omnibus Hearings in the Order approving this Motion. Thereafter, the Debtors request that the Court establish a schedule of additional Omnibus Hearing dates based on the needs of the case, the dates and times of which shall be set forth in separate orders of the Court and shall be served on the Master Service List[3] and filed on the main docket in these Chapter 11 Cases.  All Omnibus Hearings shall be scheduled in an available courtroom at the United States Bankruptcy Court for the Southern District New York, One Bowling Green, New York, NY 10004.

---

[3]  Master Service List" means (a) the Debtors, c/o Brokerage and Management Corporation, NY Agency of Marine Management Services, M.C., 40 Wall Street New York, NY 10005;  (b) counsel to the Debtors, Togut, Segal & Segal LLP, One Penn Plaza, Suite 3335, New York, NY 10119, Attn:  Frank A. Oswald, Esq. (frankoswald@teamtogut.com) and Brank F. Moore, Esq. (bmoore@teamtogut.com); (c) the Office of the United States Trustee for the Southern District of New York, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, NY 10014;  (d) the Debtors' material prepetition secured lenders;  (e) the parties listed in the consolidated list of thirty (30) largest unsecured creditors filed by the Debtors in these Chapter 11 Cases, or if any official committee of unsecured creditors has been appointed, counsel to such committee;  (f) the Internal Revenue Service, P.O. Box 7346, Philadelphia, PA 19101-7346;  and (g) counsel to any other official committee appointed in these bankruptcy cases.

## WAIVER OF BANKRUPTCY RULE 6004(a) AND 6004(h)

15. To implement the foregoing successfully, the Debtors request that the Court enter an order providing that notice of the relief requested herein satisfies Bankruptcy Rule 6004(a) and that the Debtors have established cause to exclude such relief from the 14-day stay period under Bankruptcy Rule 6004(h).

## NOTICE

16. Notice of this Motion shall be given to: (a) the Office of the United States Trustee for the Southern District of New York; (b) the Debtors' material prepetition secured lenders; (c) the parties listed in the consolidated list of thirty (30) largest unsecured creditors filed by the Debtors in these Chapter 11 Cases; (d) the Internal Revenue Service; and (e) any such other party entitled to notice pursuant to Local Bankruptcy Rule 9013-1(b). The Debtors submit that no other or further notice need be provided.

## NO PRIOR REQUEST

17. No previous request for the relief sought herein has been made to this Court or any other court.

*[Concluded on the following page]*

**CONCLUSION**

**WHEREFORE**, the Debtors respectfully request that the Court enter an order, substantially in the form annexed hereto as Exhibit A, granting the relief requested in this Motion and such other and further relief as may be just and proper.

DATED:   New York, New York
         January 29, 2017

                                               TOGUT, SEGAL & SEGAL LLP,
*Proposed Counsel to the Debtors and Debtors in Possession*
TOISA LIMITED, *et al.*,
By:

/s/ Albert Togut
ALBERT TOGUT
FRANK A. OSWALD
BRIAN F. MOORE
KYLE J. ORTIZ
One Penn Plaza, Suite 3335
New York, New York  10119
(212) 594-5000