TOGUT, SEGAL & SEGAL LLP
One Penn Plaza
Suite 3335
New York, New York 10119
(212) 594-5000
Albert Togut
Frank A. Oswald
Brian F. Moore
Kyle J. Ortiz

*Proposed Counsel to the Debtors
and Debtors in Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
                                                :
In re:                                          :    Chapter 11
                                                :
TOISA LIMITED, *et al.*,                        :    Case No. 17-10184 (___)
                                                :
                        Debtors.[1]             :    (Joint Administration Pending)
                                                :
---------------------------------------------------------------x

**DEBTORS' MOTION FOR ORDER UNDER 11 U.S.C. §§ 105(a) AND 521
(I) GRANTING ADDITIONAL TIME TO FILE SCHEDULES AND
STATEMENTS OF FINANCIAL AFFAIRS, (II) AUTHORIZING DEBTORS TO
FILE REQUIRED MONTHLY OPERATING REPORTS ON A CONSOLIDATED
BASIS, AND (III) ESTABLISHING CERTAIN NOTICE PROCEDURES**

Toisa Limited and certain of its affiliates, the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors"), hereby apply (the "Motion") for entry of a final order, under sections 105(a) and 521 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 1007(c) and 2002(m) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (a) granting the Debtors additional time to file their schedules of assets and liabilities, schedules of current income and current expenditures, schedules of executory contracts and

---

[1] The Debtors are as follows: Trade Prosperity, Inc.; Toisa Limited; United Courage, Inc.; Trade Vision, Inc.; United Journey, Inc.; United Kalavryta, Inc.; Trade Sky, Inc.; Trade Industrial Development Corporation; United Honor, Inc.; Trade Will, Inc.; United Leadership Inc.; United Seas, Inc.; United Dynamic, Inc.; United Emblem, Inc.; United Ideal Inc.; Trade Unity, Inc.; Trade Quest, Inc.; Trade Spirit, Inc.; Trade Resource, Inc.; United Ambassador, Inc.; Edgewater Offshore Shipping, Ltd.; United Banner, Inc.; Toisa Horizon, Inc.; and Trade and Transport Inc.

unexpired leases, and statements of financial affairs (collectively, the "Schedules and Statements"), (b) authorizing the filing of required monthly operating reports on a consolidating basis, and (c) authorizing the Debtors to establish certain notice procedures. In support of this Motion, the Debtors rely upon and incorporate by reference the *Declaration of Robert Hennebry Pursuant to Local Bankruptcy Rule 1007-2 and in Support of the Debtors' Chapter 11 Petitions and First Day Pleadings* filed with the Court concurrently herewith (the "First-Day Declaration").[2] In further support of the Motion, the Debtors, by and through their undersigned counsel, respectfully represent as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2. The predicates for the relief requested herein are section 105(a) and 521 of the Bankruptcy Code and Bankruptcy Rules 1007(c) and 2002(m).

## BACKGROUND

3. The factual background regarding the Debtors is set forth in the First-Day Declaration. On the date hereof (the "Petition Date"), the Debtors each commenced a case by filing a petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). The Debtors continue to operate their business and manage their property as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108. The Debtors have requested joint administration of these Chapter 11 Cases by motion filed concurrently herewith. No trustee or examiner has

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the First-Day Declaration.

been appointed in these Chapter 11 Cases. As of the date hereof, no creditors' committee has been appointed.

## RELIEF REQUESTED

4. By this Motion, the Debtors seek entry of an order granting the Debtors an additional thirty (30) days to file their Schedules and Statements, pursuant to Bankruptcy Rule 1007(c). Such an extension will give the Debtors a total of forty-four (44) days from the Petition Date to file their Schedules and Statements. By this Motion, the Debtors are also requesting that the Court authorize the Debtors to file the monthly operating reports required by the Region 2 United States Trustee's Operating Guidelines and Reporting Requirements for Debtors in Possession and Trustees (Nov. 27, 2013) (the "U.S. Trustee Guidelines") on a consolidated basis. The Debtors request such extensions without prejudice to their rights to seek further extensions or waivers from the Court. Finally, the Debtors seek authority to establish certain noticing procedures.

## BASIS FOR RELIEF

A.  **Deadline to File Schedules and Statements Should be Extended**

5. Section 521 of the Bankruptcy Code provides that a debtor shall file, among other things, "(i) a schedule of assets and liabilities; (ii) a schedule of current income and current expenditures; (iii) a statement of the debtor's financial affairs . . . ." See 11 U.S.C. § 521(a)(1)(B). Bankruptcy Rule 1007 requires a debtor to also file, among other things, a schedule of executory contracts and unexpired leases. Bankruptcy Rule 1007(c) further provides that, this Court is authorized to grant an extension of the time to file the Schedules and Statements "for cause." Due to the circumstances leading to the filing of these Chapter 11 Cases, coupled with the number of the Debtors' creditors, the scope of the Debtors' operations, the size and complexity

3

of the Debtors' business, and the limited staffing available to gather, process, and complete the Schedules and Statements, the Debtors will be unable to complete their Schedules and Statements by the current deadline imposed by Bankruptcy Rule 1007.

6.  Given the substantial burdens already imposed on the Debtors' management by the commencement of these Chapter 11 Cases, the limited number of employees available to collect the information, the competing demands upon such employees, and the time and attention the Debtors must devote to the restructuring process, the Debtors submit that "cause" exists to extend the current deadline by thirty (30) days, until forty-four (44) days after the Petition Date (the "Extended Filing Deadline"). The requested extension will enhance the accuracy of the Statements and Schedules when filed and help avoid the potential necessity of substantial subsequent amendments. No party in interest will be prejudiced by the requested extension of time to file the Schedules and Statements. The Debtors request such an extension without prejudice to their rights to seek further extensions or waivers from this Court.

**B.    Consolidating Monthly Operating Reports**

7.  The Debtors seek authority to file the monthly operating reports (the "MORs") required by the U.S. Trustee Guidelines on a consolidating basis as provided herein. Consolidating MORs will further administrative economy and efficiency in these Chapter 11 Cases without prejudice to any party in interest and consolidated MORs will accurately reflect the Debtors' business operations and financial affairs because the Debtors regular business practice is to keep consolidated financials. Although the Debtors seek to file one consolidating MOR, their consolidated MOR will still track and break out specific information concerning receipts, disbursements, etc., on a Debtor-by-Debtor basis in each MOR.

**C.     Proposed Notice Procedures**

8.      The Debtors propose that (a) all notices, motions, applications, briefs, memoranda, affidavits, declarations, and other documents filed in these cases (each a "<u>Filing</u>" and collectively, the "<u>Filings</u>") and (b) all complaints or other pleadings filed in any adversary proceeding commenced in these cases (each an "<u>Adversary Pleading</u>" and collectively, the "<u>Adversary Pleadings</u>") shall be subject to the filing and notice procedures described herein (the "<u>Notice Procedures</u>").

9.      Specifically, the Debtors propose that hard copies of all Filings and Adversary Pleadings shall be served by overnight mail, U.S. mail, courier, or hand delivery upon all parties to the contested matter or adversary proceeding, as well as upon the following parties or entities (the "<u>Master Service List</u>"):

(a)     the Debtors, c/o Brokerage and Management Corporation, NY Agency of Marine Management Services, M.C., 40 Wall Street New York, NY 10005;

(b)     counsel to the Debtors, Togut, Segal & Segal LLP, One Penn Plaza, Suite 3335, New York, NY 10119, Attn: Frank A. Oswald, Esq. (frankoswald@teamtogut.com) and Brian F. Moore, Esq. (bmoore@teamtogut.com);

(c)     the Office of the United States Trustee for the Southern District of New York, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, NY 10014;

(d)     the Debtors' material prepetition secured lenders;

(e)     the parties listed in the consolidated list of thirty (30) largest unsecured creditors filed by the Debtors in these Chapter 11 Cases, or if any official committee of unsecured creditors has been appointed, counsel to such committee;

(f)     the Internal Revenue Service, P.O. Box 7346, Philadelphia, PA 19101-7346; and

(g)     counsel to any other official committee appointed in these bankruptcy cases.

Electronic copies of all Filings and Adversary Pleadings will be served via e-mail on (i) all parties other than those on the Master Service List, on which service may be required, and (ii) counsel to the Debtors at the e-mail addresses listed above (for the avoidance of doubt, Filings and Adversary Pleadings must be served both in hard copy and by e-mail on counsel to the Debtors).  Hard copies of all Filings and Adversary Pleadings shall be provided to the Court by the filing party in accordance with any applicable requirements imposed by the Court or the judge to whom the cases are assigned.

10.    **Service on 2002 List Parties.**  The Debtors further propose that any entity submitting a Filing be required to serve only a notice (the "Notice") of such Filing by e-mail (unless a party has properly requested to be exempt from electronic service, in which case the filing party must effect service on such exempted party by serving a hard copy of the Filing) on all parties (the "2002 List Parties") that filed a notice of appearance and/or or a request for notice in these cases (collectively, a "Notice Request").  The Debtors propose that the Notice be required to include the title of the Filing, the time and the date of any objection deadline, the time and the date of any hearing at which the Court will consider the Filing, and an indication that parties may obtain the applicable Filing upon reasonable request to the filing party (or, if the Debtors are the filing parties, to the Noticing Agent (defined below)), thereby easing the administration of these cases and dramatically reducing the economic burdens on the Debtors' estates as well as other parties in interest.  The Debtors or the Court-appointed noticing agent (the "Noticing Agent")[3] will update the 2002 List Parties on a periodic basis and provide such list upon request.  Adversary Pleadings or notices thereof need

---

[3]    The Debtors have filed, concurrently herewith, an application to employ Kurtzman Carson Consultants LLC as their claims and noticing in these bankruptcy cases.

not be served on the 2002 List Parties except to the extent that a 2002 List Party is also on the Master Service List or is otherwise entitled to service of such Adversary Pleadings or notices thereof under applicable law or rules.

11. **Service of Responses.** The Debtors request that all objections, responses, statements in support of Filings, and any replies thereto (collectively, any such objections, responses, statements, and replies, the "Responses") need only be served by overnight mail, U.S. mail, courier, or hand delivery on the counsel who filed and served such Filings and on the Master Service List, with a hard copy to chambers in accordance with any applicable requirements imposed by the Court or the judge to whom the cases are assigned, provided that all such Responses are served so as to be actually received by such parties on or prior to the applicable filing deadline.

12. **Notice Requests.** All timely filed Notice Requests for copies of Filings, Responses, Adversary Pleadings, and other documents filed in these cases and any adversary proceeding will be accommodated as set forth herein. The Debtors propose that any party who files a Notice Request in these cases will be added to the 2002 List Parties and will be sent all Notices of Filings in these cases.

13. Nothing shall prejudice the rights of any party in interest to (a) move the Court to further limit or expand notice of any matters and proceedings in accordance with applicable law and rules, including, but not limited to, the right to file a motion seeking emergency ex parte consideration or consideration upon shortened time, or (b) to seek an enlargement or reduction of a time period under the Bankruptcy Rules.

## WAIVER OF BANKRUPTCY RULE 6004(a) AND 6004(h)

14. To implement the foregoing successfully, the Debtors request that the Court enter an order providing that notice of the relief requested herein satisfies

Bankruptcy Rule 6004(a) and that the Debtors have established cause to exclude such relief from the 14-day stay period under Bankruptcy Rule 6004(h).

## NOTICE

15. Notice of this Motion shall be given to: (a) the Office of the United States Trustee for the Southern District of New York; (b) the Debtors' material prepetition secured lenders; (c) the parties listed in the consolidated list of thirty (30) largest unsecured creditors filed by the Debtors in these Chapter 11 Cases; (d) the Internal Revenue Service; and (e) any such other party entitled to notice pursuant to Local Bankruptcy Rule 9013-1(b). The Debtors submit that no other or further notice need be provided.

## NO PRIOR REQUEST

16. No previous request for the relief sought herein has been made to this Court or any other court.

*[Concluded on the following page]*

**CONCLUSION**

**WHEREFORE**, the Debtors respectfully request that the Court enter an order, substantially in the form annexed hereto as Exhibit A, granting the relief requested in this Motion and such other and further relief as may be just and proper.

DATED:   New York, New York
         January 29, 2017

>                                 TOGUT, SEGAL & SEGAL LLP,
>                                 *Proposed Counsel to the Debtors and Debtors in Possession*
>                                 TOISA LIMITED, *et al.*,
>                                 By:
>
>                                 /s/ Albert Togut
>                                 ALBERT TOGUT
>                                 FRANK A. OSWALD
>                                 BRIAN F. MOORE
>                                 KYLE J. ORTIZ
>                                 One Penn Plaza, Suite 3335
>                                 New York, New York  10119
>                                 (212) 594-5000