TOGUT, SEGAL & SEGAL LLP
One Penn Plaza
Suite 3335
New York, New York 10119
(212) 594-5000
Albert Togut
Frank A. Oswald
Brian F. Moore
Kyle J. Ortiz

*Proposed Counsel to the
 Debtors and Debtors in Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
In re:                                                      :    Chapter 11
                                                            :
TOISA LIMITED, *et al.*,                                    :    Case No. 17-10184 (___)
                                                            :
                           Debtors.                         :    (Joint Administration Pending)
                                                            :
------------------------------------------------------------X

**DEBTORS' APPLICATION FOR AN ORDER AUTHORIZING RETENTION AND
APPOINTMENT OF KURTZMAN CARSON CONSULTANTS LLC AS CLAIMS
AND NOTICING AGENT FOR THE DEBTORS PURSUANT TO 28 U.S.C. § 156(c),
BANKRUPTCY CODE SECTION 105(a) AND LOCAL BANKRUPTCY RULE 5075-1**

Toisa Limited and certain of its affiliates and subsidiaries, the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors")[1] file this application (the "Application") for entry of an order, substantially in the form of Exhibit A hereto (the "Retention Order"), pursuant to section 156(c) of title 28 of the United States Code, section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 5075-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"), appointing Kurtzman Carson Consultants LLC ("KCC") as

---

[1]  The Debtors are as follows: Trade Prosperity, Inc.; Toisa Limited; United Courage, Inc.; Trade Vision, Inc.; United Journey, Inc.; United Kalavryta, Inc.; Trade Sky, Inc.; Trade Industrial Development Corporation; United Honor, Inc.; Trade Will, Inc.; United Leadership Inc.; United Seas, Inc.; United Dynamic, Inc.; United Emblem, Inc.; United Ideal Inc.; Trade Unity, Inc.; Trade Quest, Inc.; Trade Spirit, Inc.; Trade Resource, Inc.; United Ambassador, Inc.; Edgewater Offshore Shipping, Ltd.; United Banner, Inc.; Toisa Horizon, Inc.; Trade and Transport Inc.

claims and noticing agent (the "Claims and Noticing Agent") in the Debtors' Chapter 11 cases, effective *nunc pro tunc* to the Petition Date (defined below). In support of the Application, the Debtors submit the Declaration of Evan J. Gershbein, Senior Vice President of Corporate Restructuring Services at KCC (the "Gershbein Declaration"), attached hereto as Exhibit B, and respectfully represent as follows:

## JURISDICTION

1. This Court has jurisdiction over these cases and this Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are section 156(c) of title 28 of the United States Code and Rule 5075-1 of the Local Rules.

## BACKGROUND

4. The factual background regarding the Debtors is set forth in the *Declaration of Robert Hennebry Pursuant to Local Bankruptcy Rule 1007-2 and in Support of the Debtors' Chapter 11 Petitions and First Day Pleadings* filed with the Court concurrently herewith (the "First-Day Declaration").[2] On the date hereof (the "Petition Date"), the Debtors each commenced a case by filing a petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). The Debtors continue to operate their business and manage their property as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108. The Debtors have requested joint administration of these Chapter 11 Cases by motion filed concurrently herewith. No

---

[2]  Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the First-Day Declaration.

trustee or examiner has been appointed in these Chapter 11 Cases.  As of the date hereof, no creditors' committee has been appointed.

## RELIEF REQUESTED

5.   By this Application, the Debtors respectfully request entry of an order appointing KCC as the Claims and Noticing Agent for the Debtors and their Chapter 11 Cases, including assuming full responsibility for the distribution of notices and the maintenance, processing and docketing of proofs of claim filed in the Debtors' Chapter 11 Cases.  The Debtors' selection of KCC to act as the Claims and Noticing Agent has satisfied the Court's Protocol for the Employment of Claims and Noticing Agents under 28 U.S.C. § 156(c) (the "Claims Agent Protocol"), in that the Debtors have obtained and reviewed engagement proposals from at least two other court-approved claims and noticing agents to ensure selection through a competitive process.  Moreover, the Debtors submit, based on all engagement proposals obtained and reviewed, that KCC's rates are competitive and reasonable given KCC's quality of services and expertise.  The terms of KCC's retention are set forth in the Engagement Agreement attached hereto as Exhibit C (the "Engagement Agreement");  provided, however, that KCC is seeking approval solely of the terms and provisions as set forth in this Application and the proposed Retention Order attached hereto.

6.   The Debtors anticipate that there will be hundreds of entities to be noticed.  Local Bankruptcy Rule 5075-1 provides that "[i]n a case in which the number of creditors and equity security holders, in the aggregate, is 250 or more, the estate shall retain, subject to approval of the Court, a claims and noticing agent in accordance with the Claims Agent Protocol."  In view of the number of anticipated claimants and the complexity of the Debtors' businesses, the Debtors submit that the appointment of a

claims and noticing agent is required by Local Rule 5075-1 and is otherwise in the best interests of both the Debtors' estates and their creditors.

## KCC'S QUALIFICATIONS

7. KCC is comprised of leading industry professionals with significant experience in both the legal and administrative aspects of large, complex Chapter 11 cases. KCC's professionals have experience in noticing, claims administration, solicitation, balloting and facilitating other administrative aspects of Chapter 11 cases and experience in matters of this size and complexity. KCC's professionals have acted as debtor's counsel or official claims and noticing agent in many large bankruptcy cases in this District and in other districts nationwide. Specifically, KCC has been appointed to act as claims and noticing agent in many districts throughout the United States, including the Southern District of New York. *See, e.g., In re AOG Entertainment, Inc.*, Case No. 16-11090 (Bankr. S.D.N.Y. May 2, 2016); *In re MPM Silicones, LLC*, Case No. 14-22503 (Bankr. S.D.N.Y. Apr. 13, 2014); *In re Metro Affiliates, Inc.*, Case No. 13-13592 (Dec. 3, 2013); *In re Flat Out Crazy, LLC*, Case No. 13-22094 (Bankr. S.D.N.Y. Feb. 20, 2013); *In re Broadview Networks Holdings, Inc.*, Case No. 12-13581 (Bankr. S.D.N.Y. Sept. 14, 2012); *In re Residential Capital, LLC*, Case No. 12-12020 (Bankr. S.D.N.Y. July 17, 2012); *In re Grubb & Ellis*, Case No. 12-10685 (Bankr. S.D.N.Y. Mar. 8, 2012); *In re The Connaught Group*, Case No. 12-10512 (Bankr. S.D.N.Y. Mar. 5, 2012); *In re Eastman Kodak Company*, Case No. 12-10202 (Bankr. S.D.N.Y. Feb. 15, 2012); *In re Jobson*, Case No. 12-10434 (Bankr. S.D.N.Y. Feb. 3, 2012); *In re Hostess Brands, Inc.*, Case No. 12-22052 (Bankr. S.D.N.Y. Jan. 27, 2012); *In re Marco Polo Seatrade B.V.*, Case No. 11-13634 (Bankr. S.D.N.Y. Sept. 15, 2011).

8. By appointing KCC as the Claims and Noticing Agent in these Chapter 11 Cases, the distribution of notices and the processing of claims will be

expedited, and the Office of the Clerk of the Bankruptcy Court (the "Clerk") will be relieved of the administrative burden of processing what may be an overwhelming number of claims.

9. The Debtors believe that the services of KCC will not duplicate the services that other professionals will be providing to the Debtors in these Chapter 11 Cases. Specifically, KCC will carry out unique functions and will use reasonable efforts to coordinate with the Debtors' other retained professionals to avoid unnecessary duplication of effort or cost.

## SERVICES TO BE PROVIDED

10. This Application pertains only to the work to be performed by KCC under the Clerk's delegation of duties permitted by 28 U.S.C. § 156(c) and Local Rule 5075-1, and any work to be performed by KCC outside of this scope is not covered by this Application or by any order granting approval hereof. Specifically, KCC will perform the following tasks in its role as Claims and Noticing Agent, as well as all quality control relating thereto:

(a) prepare and serve all required notices and documents in these cases in accordance with the Bankruptcy Code and the Bankruptcy Rules in the form and manner directed by the Debtors and/or the Court, including, among others:

　　i. the notice of the commencement and notice of the initial meeting of creditors under section 341(a) of the Bankruptcy Code;

　　ii. notice of claims bar dates, if any;

　　iii. notices of transfers of claims;

　　iv. notices of objections to claims and objections to transfers of claims;

　　v. notice of the confirmation and disclosure statement hearings;

5

  vi. notice of hearings related to other substantive relief;

  vii. such other miscellaneous notices, orders, pleadings, publications and any other documents as the Debtors or the Court may deem necessary or appropriate for the orderly administration of these Chapter 11 Cases;

(b) Maintain official copies of the Debtors' schedules of assets and liabilities and statements of financial affairs (collectively, the "<u>Schedules</u>"), listing the Debtors' known creditors and the amounts owed thereto;

(c) Maintain: (i) a list of all potential creditors, equity holders and other parties-in-interest; and (ii) a "core" mailing list consisting of all parties described in Bankruptcy Rule 2002(i), (j) and (k) and those parties that have filed a notice of appearance pursuant to Bankruptcy Rule 9010; update and make said lists available upon request by a party-in-interest or the Clerk;

(d) Furnish a notice to all potential creditors of the last date for the filing of proofs of claim and a form for the filing of a proof of claim, after such notice and form are approved by this Court, and notify said potential creditors of the existence, amount and classification of their respective claims as set forth in the Debtors' schedules of assets and liabilities, if filed, which may be effected by inclusion of such information on a customized proof of claim form provided to potential creditors;

(e) Maintain a post office box or address for the purpose of receiving claims and returned mail, and process all mail received;

(f) For <u>all</u> notices, motions, orders or other pleadings or documents served, prepare and file or cause to be filed with the Clerk an affidavit or certificate of service within seven (7) business days of service which includes (i) either a copy of the notice served or the docket number(s) and title(s) of the pleading(s) served, (ii) a list of persons to whom it was mailed (in alphabetical order) with their addresses, (iii) the manner of service and (iv) the date served;

(g) Receive, examine, and process all proofs of claim, including those received by the Clerk, check said processing for accuracy and maintain the original proofs of claim in a secure area;

6

 (h) Provide an electronic interface and online filing system for filing proofs of claim

 (i) Maintain the official claims registers in each of the Debtor's cases on behalf of the Clerk on a case specific website; upon the Clerk's request, provide the Clerk with certified, duplicate, unofficial claims registers; and specify in the claims registers the following information for each claim docketed or interest asserted:

  i. the claim number assigned to the proof of claim or proof of interest;

  ii. the date the proof of claim or proof of interest was received by KCC and/or the Court;

  iii. the name and address of the claimant or interest holder and any agent thereof, if the proof of claim or proof of interest was filed by an agent;

  iv. the asserted amount of the claim or interest;

  v. the asserted classification(s) of the claim (e.g., secured, unsecured, priority, etc.);

  vi. the applicable Debtor against whom the claim or interest is asserted; and

  vii. any disposition of the claim or interest;

 (j) Provide public access to the Claims Register, including complete proofs of claim with attachments, if any, without charge;

 (k) Implement necessary security measures to ensure the completeness and integrity of the Claims Registers and the safekeeping of the original claims;

 (l) Record all transfers of claims and provide any notices of such transfers as required by Bankruptcy Rule 3001(e);

 (m) Relocate, by messenger or overnight delivery, all of the court-filed proofs of claim to the offices of KCC, not less than weekly;

 (n) Upon completion of the docketing process for all claims received to date for each case, turn over to the Clerk copies of the Claims Registers for the Clerk's review (upon the Clerk's request);

(o) Monitor the Court's docket for all notices of appearance, address changes, and claims-related pleadings and orders filed and make necessary notations on and/or changes to the claims register and any service or mailing lists, including to identify and eliminate duplicative names and addresses from such lists;

(p) Assist in the dissemination of information to the public and respond to requests for administrative information regarding the case as directed by the Debtors or the Court, including through the use of a publicly accessible case website and/or call center;

(q) If the case is converted to chapter 7, contact the Clerk's Office within three (3) days of the notice to KCC of entry of the order converting the case;

(r) Thirty (30) days prior to the close of these Chapter 11 Cases, to the extent practicable, request that the Debtors submit to the Court a proposed order dismissing KCC as Claims and Noticing Agent and terminating its services in such capacity upon completion of its duties and responsibilities and upon the closing of these Chapter 11 Cases;

(s) Within seven (7) days of notice to KCC of entry of an order closing these Chapter 11 Cases, provide to the Court the final version of the Claims Registers as of the date immediately before the close of the Chapter 11 Cases;

(t) Comply with applicable federal, state, municipal and local statutes, ordinances, rules, regulations, orders and other requirements;

(u) Promptly comply with such further conditions and requirements as the Clerk's Office or the Court may at any time prescribe; and

(v) At the close of these Chapter 11 Cases, box and transport all original documents, in proper format, as provided by the Clerk's office, to (i) the Federal Archives Record Administration, located at Central Plains Region, 200 Space Center Drive, Lee's Summit, Missouri 64064 or (ii) any other location requested by the Clerk's office.

11. The Claims Registers shall be open to the public for examination without charge during regular business hours and on a case-specific website maintained by KCC.

12. KCC shall not employ any past or present employee of the Debtors for work that involves the Debtors' bankruptcy cases.

## **PROFESSIONAL COMPENSATION**

13. The Debtors respectfully request that the undisputed fees and expenses incurred by KCC in the performance of the above services be treated as administrative expenses of the Debtors' Chapter 11 estates pursuant to 28 U.S.C. § 156(c) and section 503(b)(1)(A) of the Bankruptcy Code and be paid in the ordinary course of business without further application to or order of the Court. KCC agrees to maintain records of all services showing dates, categories of services, fees charged and expenses incurred, and to serve monthly invoices on the Debtors, the office of the United States Trustee, counsel for the Debtors, counsel for any official committee monitoring the expenses of the Debtors and any party-in-interest who specifically requests service of the monthly invoices. If any dispute arises relating to the Engagement Agreement or monthly invoices, the parties shall meet and confer in an attempt to resolve the dispute; if resolution is not achieved, the parties may seek resolution of the matter from the Court.

14. Prior to the Petition Date, the Debtors provided KCC a retainer in the amount of $25,000. KCC seeks to first apply the retainer to all prepetition invoices, and thereafter, to have the retainer replenished to the original retainer amount, and thereafter, to hold the retainer under the Engagement Agreement during these Chapter 11 Cases as security for the payment of fees and expenses incurred under the Engagement Agreement.

15. Additionally, under the terms of the Engagement Agreement, the Debtors have agreed to indemnify, defend and hold harmless KCC and its members, officers, employees, representatives and agents under certain circumstances specified in

9

the Engagement Agreement, except in circumstances resulting solely from KCC's gross negligence or willful misconduct or as otherwise provided in the Engagement Agreement or Retention Order. The Debtors believe that such an indemnification obligation is customary, reasonable and necessary to retain the services of a Claims and Noticing Agent in these Chapter 11 Cases.

## KCC'S DISINTERESTEDNESS

16.     Although the Debtors do not propose to employ KCC under section 327 of the Bankruptcy Code pursuant to this Application, KCC has nonetheless reviewed its electronic database to determine whether it has any relationships with the creditors and parties in interest provided by the Debtors, and, to the best of the Debtors' knowledge, information, and belief, and except as disclosed in the Gershbein Declaration, KCC has represented that it neither holds nor represents any interest materially adverse to the Debtors' estates in connection with any matter on which it would be employed.

17.     Moreover, in connection with its retention as Claims and Noticing Agent, KCC represents in the Gershbein Declaration, among other things, that:

(a)   KCC is not a creditor of the Debtors;

(b)   KCC will not consider itself employed by the United States government and shall not seek any compensation from the United States government in its capacity as the Claims and Noticing Agent in these Chapter 11 Cases;

(c)   By accepting employment in these Chapter 11 Cases, KCC waives any rights to receive compensation from the United States government in connection with these Chapter 11 Cases;

(d)   In its capacity as the Claims and Noticing Agent in these Chapter 11 Cases, KCC will not be an agent of the United States and will not act on behalf of the United States;

(e) KCC will not employ any past or present employees of the Debtors in connection with its work as the Claims and Noticing Agent in these Chapter 11 Cases;

(f) KCC is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code with respect to the matters upon which it is engaged;

(g) In its capacity as Claims and Noticing Agent in these Chapter 11 Cases, KCC will not intentionally misrepresent any fact to any person;

(h) KCC shall be under the supervision and control of the Clerk's office with respect to the receipt and recordation of claims and claim transfers;

(i) KCC will comply with all requests of the Clerk's office and the guidelines promulgated by the Judicial Conference of the United States for the implementation of 28 U.S.C. § 156(c); and

(j) None of the services provided by KCC as Claims and Noticing Agent in these Chapter 11 Cases shall be at the expense of the Clerk's office.

(k) KCC will supplement its disclosure to the Court if any facts or circumstances are discovered that would require such additional disclosure.

## COMPLIANCE WITH CLAIMS AND NOTICING AGENT PROTOCOL

18. This Application complies with the Claims Agent Protocol and substantially conforms to the standard Application in use in this Court. Moreover, the Clerk's office has reviewed and approved this Application. To the extent that there is any inconsistency between this Application, the Retention Order and the Engagement Agreement, the Retention Order shall govern.

## BASIS FOR RELIEF

19. Section 156(c) of title 28 of the United States Code, which governs the staffing and expenses of bankruptcy courts, authorizes the Court to use "facilities"

11

or "services" other than the Clerk's Office for administration of bankruptcy cases. It states:

> Any court may utilize facilities or services, either on or off the court's premises, which pertain to the provision of notices, dockets, calendars, and other administrative information to parties in cases filed under the provisions of title 11, United States Code, where the costs of such facilities or services are paid for out of the assets of the estate and are not charged to the United States. The utilization of such facilities or services shall be subject to such conditions and limitations as the pertinent circuit council may prescribe.

28 U.S.C. § 156(c).

21. In addition, Local Bankruptcy Rule 5075-1(a) provides, in relevant part, as follows:

> The Court may direct, subject to the supervision of the Clerk, the use of agents either on or off the Court's premises to file Court records, either by paper or electronic means, to issue notices, to maintain case dockets, to maintain Judges' calendars, and to maintain and disseminate other administrative information where the costs of such facilities or services are paid for by the estate.

Local Bankruptcy Rule 5075-1.

21. The Court has promulgated the Claims Agent Protocol "to ensure the use of competitive process in the selection of claims agents in instances where the Court has authorized such use under 28 U.S.C. § 156(c)". Protocol for the Employment of Claims and Noticing Agents (Bankr. S.D.N.Y. November 2011). In compliance with the Claims Agent Protocol, the Debtors obtained and reviewed engagement proposals from three (3) court-approved notice and claims agents, including KCC. First, the Debtors provided each court-approved notice and claims agent the basic facts about the Debtors' cases and asked each company to submit a written proposal based upon such

12

facts. KCC provided such proposal to the Debtors on January 9, 2017. The Debtors then asked each company case-specific pricing questions. Ultimately the Debtors chose KCC as their Claims and Noticing Agent based on their capability and favorable price terms.

22. Local Bankruptcy Rule 5075-1(b) requires the retention - pursuant to an order of the Court - of an approved claims and noticing agent in a case having two hundred fifty (250) or more creditors and/or equity security holders. These Chapter 11 Cases are such a case.

23. Given the number of creditors and other parties in interest involved in these Chapter 11 Cases, the Debtors seek an order appointing KCC as the notice and claims agent in these Chapter 11 Cases pursuant to 28 U.S.C. § 156(c) and Local Bankruptcy Rule 5075-1 to relieve this Court and the Clerk's Office of administrative burdens.

## WAIVER OF BANKRUPTCY RULE 6004(a) AND 6004(h)

24. To implement the foregoing successfully, the Debtors request that the Court enter an order providing that notice of the relief requested herein satisfies Bankruptcy Rule 6004(a) and that the Debtors have established cause to exclude such relief from the 14-day stay period under Bankruptcy Rule 6004(h).

## NOTICE

25. Notice of this Motion shall be given to: (a) the United States Trustee for the Southern District of New York; (b) the Debtors' material prepetition secured lenders; (c) the parties listed in the consolidated list of thirty (30) largest unsecured creditors filed by the Debtors in these Chapter 11 Cases; (d) the Internal Revenue Service; and (e) any such other party entitled to notice pursuant to Local Bankruptcy Rule 9013-1(b). The Debtors respectfully submit that no other or further notice need be provided.

## NO PRIOR REQUEST

26. No prior application for the relief requested herein has been made to this or any other court.

**WHEREFORE,** for the reasons set forth herein the Debtors respectfully request that this Court (a) enter an order, substantially in the form attached hereto as Exhibit A, granting the relief requested herein and (b) grant such other and further relief as is just and proper.

Dated: New York, New York
January 29, 2017

TOISA LIMITED, *et al.*
*Proposed Counsel to the Debtors and Debtors in Possession*
TOGUT, SEGAL & SEGAL LLP
By:

/s/ Albert Togut
ALBERT TOGUT
FRANK A. OSWALD
Members of the Firm
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000