UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
                                                                   :
In re:                                                             :    Chapter 11
                                                                   :
TOISA LIMITED, *et al.*,                                           :    Case No. 17-10184 (SCC)
                                                                   :
                                Debtors.[1]                        :    (Jointly Administered)
                                                                   :
-------------------------------------------------------------------x

**ORDER UNDER SECTIONS 105(a), 362, 365, AND 525 OF THE
BANKRUPTCY CODE ENFORCING AND RESTATING AUTOMATIC
STAY, *IPSO FACTO*, AND NON-DISCRIMINATION PROVISIONS**

Upon the motion (the "Motion")[2] of the Debtors for entry of an order enforcing and restating the automatic stay, *ipso facto*, and non-discrimination provisions of the Bankruptcy Code; and upon the First-Day Declaration; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice is necessary except as provided herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and after due deliberation thereon; and good and sufficient cause appearing therefor; it is hereby,

---

[1] The Debtors are as follows: Trade Prosperity, Inc.; Toisa Limited; United Courage, Inc.; Trade Vision, Inc.; United Journey, Inc.; United Kalavryta, Inc.; Trade Sky, Inc.; Trade Industrial Development Corporation; United Honor, Inc.; Trade Will, Inc.; United Leadership Inc.; United Seas, Inc.; United Dynamic, Inc.; United Emblem, Inc.; United Ideal Inc.; Trade Unity, Inc.; Trade Quest, Inc.; Trade Spirit, Inc.; Trade Resource, Inc.; United Ambassador, Inc.; Edgewater Offshore Shipping, Ltd.; United Banner, Inc.; Toisa Horizon, Inc.; and Trade and Transport Inc.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

1

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is GRANTED as set forth herein.

2. Subject to the exceptions to the automatic stay contained in section 362(b) of the Bankruptcy Code and the right of any party in interest to seek relief from the automatic stay in accordance with section 362(d) of the Bankruptcy Code, all persons (including individuals, partnerships, corporations, and other entities and all those acting on their behalf), whether located within the United States or elsewhere, and governmental units, whether of any foreign country (including any division, department, agency, instrumentality, or service thereof and all those acting on their behalf), or of the United States, any state or locality therein, or any territory or possession thereof, are hereby stayed, restrained, and enjoined from:

   (a) taking any action, whether inside or outside the United States, to obtain possession of property of the Debtors' estates, wherever located (including but not limited to owned, operated or chartered (leased) vessels or property thereon (including bunkers) and any other transportation equipment (including containers and chassis)), or to exercise control over property of the estates, wherever located, or interfere in any way with the conduct of the Debtors of their businesses, including, without limitation, attempts to interfere with deliveries or events or attempts to arrest, attach, seize, or reclaim, in any United States or foreign jurisdiction, any vessels, ships, equipment, supplies, or other assets the Debtors use in their businesses;

   (b) commencing or continuing (including the issuance or employment of process) any judicial, administrative, or other action or proceeding against the Debtors that was or could have been commenced before the commencement of the Debtors' Chapter 11 Cases;

   (c) enforcing, against the Debtors or against property of their estates, a judgment or order obtained before the commencement of the Debtors' Chapter 11 Cases;

    (d)    taking any action to create, perfect, or enforce against property of the Debtors any lien (including but not limited to any maritime lien) to the extent that such lien secures a claim that arose prior to the commencement of the Debtors' Chapter 11 Cases;

    (e)    taking any action to collect, assess, or recover a claim against the Debtors that arose prior to the commencement of the Debtors' Chapter 11 Cases; and

    (f)    offsetting any debt owing to the Debtors that arose before the commencement of the Debtors' Chapter 11 Cases against any claim against the Debtors.

    3.    Pursuant to sections 362 and 365 of the Bankruptcy Code, and subject to any relevant provisions or exceptions provided for in the Bankruptcy Code, notwithstanding a provision in a contract ("Contract") or lease ("Lease") or any applicable law, all persons are hereby stayed, restrained, and enjoined from terminating or modifying any and all Contracts and Leases to which the Debtors are party or signatory, at any time after the commencement of these cases, because of a provision in such Contract or Lease that is conditioned on the (i) insolvency or financial condition of the Debtors at any time before the closing of these cases; or (ii) commencement of these cases under the Bankruptcy Code. Accordingly, all such persons are required to continue to perform their obligations under such Leases and Contracts during the post-petition period.

    4.    Pursuant to Bankruptcy Code section 525, all foreign and domestic governmental units are prohibited and enjoined from (i) denying, revoking, suspending, or refusing to renew any license, permit, charter, franchise, or other similar grant to the Debtors, (ii) placing conditions upon such grant to the Debtors, or

17-10184-scc    Doc 14    Filed 01/30/17    Entered 01/30/17 17:13:06    Main Document
Pg 4 of 5

(iii) discriminating against any of the Debtors or any other person with whom the Debtors have been associated solely because any of the Debtors is a debtor under the Bankruptcy Code or may have been insolvent before or during these Chapter 11 Cases.

5. Nothing in this Order or the Motion shall constitute a rejection or assumption by the Debtors, as debtors in possession, of any executory contract or unexpired lease.

6. Nothing in this Order is intended to, or shall, alter the provisions or modify the protections of the Bankruptcy Code.

7. In accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and applicable law, upon request of a party in interest, and after notice and a hearing, this Court may grant relief from the restraints imposed herein in the event that it is necessary, appropriate, and warranted to terminate, annul, modify, or condition the injunctive relief herein.

8. Notwithstanding the possible applicability of Bankruptcy Rules 6004(a) and 6004(h) or otherwise, this Order shall be immediately effective and enforceable upon its entry.

9. Notice of the motion as provided therein shall be deemed good and sufficient notice of such motion, and the requirements of Bankruptcy Rule 6004(a) are satisfied by such notice.

10. The requirements set forth in Local Bankruptcy Rule 9013-1(b) are satisfied by the contents of the Motion.

11.     The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

12.     This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated:  New York, New York
       January 30, 2017

                                          /s/ Shelley C. Chapman
                                        UNITED STATES BANKRUPTCY JUDGE