Hearing Date and Time: To be Determined

Craig A. Wolfe, Esq.
Jason R. Alderson, Esq.
**SHEPPARD MULLIN RICHTER & HAMPTON, LLP**
30 Rockefeller Plaza
New York, NY 10112
Tel: (212) 653-8700
Fax: (212) 653-8701

*Counsel for Unofficial Committee of*
*Unsecured Creditors of Toisa Limited, et al.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re:<br><br>TOISA LIMITED, *et. al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 17-10184 (SCC)<br><br>Jointly Administered |

**DECLARATION OF CRAIG A. WOLFE IN SUPPORT**
**OF THE UNOFFICIAL COMMITTEE OF UNSECURED CREDITORS'**
**(I) MOTION FOR AN ORDER (A) DIRECTING THE APPOINTMENT OF AN**
**OFFICIAL COMMITTEE OF UNSECURED CREDITORS, PURSUANT TO 11 U.S.C.**
**§§ 1102(a)(1) AND 105(a), AND (B) EXTENDING THE COMMITTEE CHALLENGE**
**PERIODS IN THE MULTIPLE CASH COLLATERAL ORDERS, PURSUANT TO**
**11 U.S.C. § 105(a); AND (II) STATEMENT PURSUANT TO BANKRUPTCY RULE 2019**

I, Craig A. Wolfe, hereby declare, pursuant to 28 U.S.C. § 1746, as follows:

1.      I am a partner in the bankruptcy group at Sheppard Mullin Richter & Hampton,

LLP ("Sheppard Mullin"), an international law firm of approximately 775 attorneys with offices

in New York, Washington, D.C., Chicago, Los Angeles, Century City, Del Mar, Orange County,

Palo Alto, San Diego, San Francisco; and foreign offices in Beijing, Brussels, London, Seoul,

---

[1] The Debtors in these chapter 11 cases, are as follows: Edgewater Offshore Shipping, Ltd.; Toisa Horizon, Inc.; Toisa Limited; Trade And Transport Inc.; Trade Industrial Development Corporation; Trade Prosperity, Inc.; Trade Quest, Inc.; Trade Resource, Inc.; Trade Sky, Inc.; Trade Spirit, Inc.; Trade Unity, Inc.; Trade Vision, Inc.; Trade Will, Inc.; United Ambassador, Inc.; United Banner, Inc.; United Courage, Inc.; United Dynamic, Inc.; United Emblem, Inc.; United Honor, Inc.; United Ideal, Inc.; United Journey, Inc.; United Kalavryta, Inc.; United Leadership, Inc.; United Seas, Inc.

Shanghai.  I am resident in our New York office located at 30 Rockefeller Plaza, New York, New York 10112.

1.      I submit this declaration (the "<u>Declaration</u>") in support of the Unofficial Committee's[2] (I) motion (the "<u>Motion</u>") for entry of an order (A) directing the appointment of an official committee of unsecured creditors in the above-captioned chapter 11 cases, pursuant to 11 U.S.C. §§ 1102(a)(1) and 105(a) and (B) extending the committee challenge periods in the multiple cash collateral orders entered in these cases, pursuant to 11 U.S.C. § 105(a); and (II) statement pursuant to Bankruptcy Rule 2019 (the "<u>2019 Statement</u>").  Unless otherwise stated in this Declaration, I have personal knowledge of the facts set forth herein.

2.      My firm represents the Unofficial Committee for the purposes of filing and prosecuting this Motion.  The Unofficial Committee is constituted by the following three creditors of certain of the Debtors:  (i) Hyundai Heavy Industries Co., Ltd. ("<u>HHI</u>"), (ii) Paul Hebert ("<u>Mr. Hebert</u>"), and (iii) Pequod Associates USA LLC ("<u>Pequod</u>").  My firm does not represent any of the three members individually in connection with these cases.  Each of the creditors completed and returned to the U.S. Trustee a signed questionnaire indicating the creditor's willingness to serve on the Official Committee.  The creditors each provided me a copy of the questionnaire it sent to the U.S. Trustee, true and correct copies of which are attached hereto as follows:  (A) HHI's questionnaire (dated February 10, 2017) is attached as **<u>Exhibit A</u>**; (B) Mr. Hebert's questionnaire (delivered February 21, 2017) is attached as **<u>Exhibit B</u>**; and (C) Pequod's questionnaire (dated February 22, 2017) is attached as **<u>Exhibit C</u>**.

3.      Each of the members of the Unofficial Committee described its claim for me, which I, in turn, summarized in the chart below.  Their claims aggregate in excess of $116 million and are asserted against three of the Debtors.

---

[2] Capitalized terms used herein without definition shall have the meanings given to them in the Motion.

| Creditor Name: | **HYUNDAI HEAVY INDUSTRIES CO., LTD.** ("HHI") |
|---|---|
| Address: | 1000 Bangeojinsunhwan-doro, Dong-gu<br>Ulsan, Korea |
| Disclosable Economic Interest: | On January 31, 2013, HHI entered into a shipbuilding contract with Toisa Limited ("Toisa") for the construction by HHI of one offshore construction vessel. On April 28, 2016, Toisa purported to terminate the contract by providing HHI with a notice of cancellation. On May 10, 2016, HHI commenced an arbitration in London for wrongful termination and repudiatory breach of the contract by Toisa. In the arbitration, HHI has asserted that it is owed by Toisa not less than US$90,098,441 after application of all payments made by Toisa. Toisa has sought the return of its payments under the contract and HHI denies that they are subject to refund. HHI thus asserts a claim for such amount in addition to any additional fees, costs, and/or interest that may be allowable. |

| Creditor Name: | **PAUL HEBERT**, an individual ("Mr. Hebert") |
|---|---|
| Address: | 125 Garrett Lane<br>Houma, LA 70364 |
| Disclosable Economic Interest: | On April 20, 2010, the offshore drilling rig Deepwater Horizon exploded, caught fire, and caused a lengthy and prolific oil spill in the U.S. Gulf of Mexico. Toisa Limited and Toisa Horizon, Inc. provided the well test vessel Toisa Pisces to assist in the disaster mitigation process. Paul Hebert was a crew member on the Toisa Pisces and alleges that he sustained personal injury in that capacity. In 2011, Mr. Hebert commenced a lawsuit against Toisa Limited and certain other affiliated and unaffiliated defendants in the United States District Court for the Eastern District of Louisiana, Case No. 11-01200, seeking US$25 million. The action remains unresolved and pending. Mr. Hebert thus asserts a claim for such amount in addition to any additional fees, costs, and/or interest that may be allowable. |

| Creditor Name: | **PEQUOD ASSOCIATES USA LLC** ("Pequod") on behalf of BP PRODUCTS NORTH AMERICA INC. |
|---|---|
| Address: | c/o Pequod Associates USA LLC<br>708 3rd Avenue. 5th Floor<br>New York, NY 10017 |
| Disclosable Economic Interest: | In April 2012, the tanker United Emblem allegedly owned by United Emblem, Inc. transported crude oil for BP Products North America Inc. ("BP") from Egypt to the United States. The shipment resulted in a shortage of 8,641 barrels of crude oil with a value of US$1,031,441.61. BP thus asserts a claim for such amount in addition to any additional fees, costs, and/or interest that may be allowable. |

4.    My legal practice focuses on representing debtors and creditors' committees in

maritime chapter 11 cases and other insolvency situations. I previously served for thirteen years

on the business side of both the OSV and shipping industries as the CEO of a company that

owned and operated ten vessels.  Examples of my maritime committee representations in

chapter 11 cases include:  B+H Ocean Carriers (New York), U.S. Shipping (New York),

Derecktor Shipyards (Connecticut), Derecktor Shipyards (Connecticut and New York) (secured

committee); Hawaii Superferry (Delaware), TMT Shipping (Houston), and Bender Shipbuilding

(Alabama).

5.      Based on my experience, I believe the proposed creditor mix is ideal as the three

creditors represent a cross-section of the Debtors' businesses.  HHI, which holds a claim against

Debtor Toisa Limited, builds OSVs and all types of ships, including tankers and bulkers of the

same type and class as those owned by the Debtors.  Mr. Hebert, who holds claims against

Debtors Toisa Horizon, Inc. and Toisa Limited, served as a crew member on the Debtors' vessel,

DSV Toisa Pisces, and is thus familiar with vessel operations.  Pequod, which is responsible for

the cargo shortage claim against Debtor United Emblem, Inc., serves as a cargo claims adjuster

and collection agent in the shipping industry and is deeply familiar with all aspects of cargo

carriage issues and vessel operations.  As noted in Pequod's questionnaire (Exhibit C), it began

working on the claim in 2012 and operates under longstanding direction from BP.  I thus believe

the three creditors provide an excellent mix of experience, claim type and size, and cross-section

of Debtors.

6.      In accordance with Bankruptcy Rule 2019, the names, addresses, and the nature

and amount of all disclosable economic interests held by each Unofficial Committee member as

of the Petition Date set forth in the chart above.

I declare under penalty of perjury that the foregoing is true and correct to the best of my

knowledge, information and belief.


Dated: May 12, 2017
New York, New York                                          _/s/ Craig A. Wolfe_____
                                                                Craig A. Wolfe

# EXHIBIT A

(Hyundai Questionnaire)

OFFICE OF THE UNITED STATES TRUSTEE
SOUTHERN DISTRICT OF NEW YORK
U.S. Federal Office Building
201 Varick Street, Suite 1006
New York, NY 10014
Tel. No. (212) 510-0500
Fax: (212) 668-2255/2361

QUESTIONNAIRE FOR OFFICIAL COMMITTEE OF UNSECURED
CREDITORS†

Re:   Toisa Limited, *et al.*‡
      Case No.  17-10184 (SCC)

*PKS*

PLEASE RETURN BY FIRST CLASS MAIL OR FACSIMILE SO THAT THIS
QUESTIONNAIRE IS RECEIVED NO LATER THAN:
February 14, 2017 at 12:00 Noon.

Please Type or Print Clearly.

I am willing to serve on a Committee of Unsecured Creditors.     Yes (X)  No ( )

A.    Unsecured Creditor's Name and Contact Information:

Name:   Hyundai Heavy Industries Co., Ltd.       Phone:_____

Address:   1000 Bangeojinsunhwan-doro, Dong-gu    Fax:  _____

Ulsan, Korea.                                      E-mail:_____

B.    Counsel (If Any) for Creditor and Contact Information:

Name:   Hojin Paul Lee                 Phone: +82-52-202-9260

---

† *Note: This is not a proof of claim form. Proof of claim forms are filed with the Clerk of the Bankruptcy Court, not with the United States Trustee.*
‡ The Debtors are as follows: Trade Prosperity, Inc.; Toisa Limited; United Courage, Inc.; Trade Vision, Inc.; United Journey, Inc.; United Kalavryta, Inc.; Trade Sky, Inc.; Trade Industrial Development Corporation; United Honor, Inc.; Trade Will, Inc.; United Leadership Inc.; United Seas, Inc.; United Dynamic, Inc.; United Emblem, Inc.; United Ideal Inc.; Trade Unity, Inc.; Trade Quest, Inc.; Trade Spirit, Inc.; Trade Resource, Inc.; United Ambassador, Inc.; Edgewater Offshore Shipping, Ltd.; United Banner, Inc.; Toisa Horizon, Inc.; and Trade and Transport Inc.

Address: <u>1000 Bangeojinsunwhan-doro, Dong-gu</u>    Fax: _____

<u>Ulsan, Korea</u>    E-mail: <u>hplee@hhi.co.kr</u>

C.    If you have been contacted by a professional person(s) (*e.g.* attorney, accountant, or financial advisor) regarding the formation of this committee, please provide the individual's name and/or contact information:
<u>Craig Wolfe, 212-634-3071, Cwolfe@sheppardmullin.com</u>

D.    Amount of Unsecured Claim (U.S. $) <u>90,098,491</u>

E.    If your claim is against more than one Debtor, list all Debtors: _____

_____

_____

F.    Describe the nature of your claim(s), *i.e.*, whether arising from goods or services provided; loans made; litigation; *etc.*, including whether any portion is secured. If secured, please describe the collateral securing the claim. If any portion of the claim(s) arises from litigation, please state the nature of the claim, the case number and jurisdiction (if applicable) and the status.

<u>unsecured claim arising from an ongoing arbitration</u>
<u>in London, England in accordance with the LMAA Terms</u>
<u>(see attachment)</u>

G.    Amount of Unsecured Claim entitled to 11 U.S.C. § 503(b) as an administrative expense:

_____

H.    Would your schedule permit you to actively participate on the committee by attending weekly meetings (either by telephone or in person)? Yes (X) No ( )

**Representations:**

1.    Are you or the company you represent in any way "affiliated" with any of the Debtors within the meaning of Section 101(2) of the Bankruptcy Code, or a shareholder of, or related to, the Debtor(s)? Yes ( ) No (X)

     If a shareholder, state the number of shares: _____

2

2. Do you, or the company you represent, engage in a business which directly or indirectly competes with any of the businesses of the Debtor(s)? Yes ( ) No (X)

3. Have you ever been or are you an officer, director, agent, representative or employee of the Debtor(s)?

   Yes ( ) No (X) Does your claim arise from this relationship? Yes ( ) No (X)

4. State when you acquired the claim, the amount paid, and the face amount of the claim: *May 10th, 2016 , face amount : $90,098,491 (see attachment)*

5. Have you or your attorney entered into a settlement agreement with the Debtor regarding resolution of your claim? Yes ( ) No (X)

6. Do you have a claim against any entity affiliated with the Debtor? Yes ( ) No (X)

   State the name of the entity and the nature and amount of the claims:_____

   _____

7. Do you or any affiliated entities have any other claims against, or debt or equity securities of, the Debtors(s)? Yes ( ) No (X)

8. Do you or any affiliated entities have any financial arrangement that may affect the value of your claim(s) against or interest(s) in the Debtor(s) (*e.g.*, personal guarantees, credit insurance, *etc.*)? Yes ( ) No (X)

9. If you have given a proxy to a third party either to represent you at the creditors' committee formation meeting, or in connection with your claim, please attach a copy of the written proxy. If a professional person has arranged for someone to hold a proxy on your behalf, please identify that individual:

   _____

You may attach a written statement to explain or supplement any responses.

Creditors wishing to serve as fiduciaries on an official committee are advised that they may not purchase, sell or otherwise trade in or transfer claims against the Debtor while they are committee members absent an order of the court on application of the creditor.

3

Please be advised that once a committee is formed, the United States Trustee will file a notice of appointment in the court record that contains contact information for any creditor appointed, including the creditor's name, address and telephone number.

**Privacy Act Statement.** 11 U.S.C. § 1102 authorizes the collection of this information. The information will be used by the United States Trustee to determine your qualifications for appointment to the Committee. Disclosure of this information may be to a bankruptcy trustee or examiner when the information is needed to perform the trustee's or examiner's duties, or to the appropriate federal, state, local, regulatory, tribal, or foreign law enforcement agency when the information indicates a violation or potential violation of law. Other disclosures may be made for routine purposes. For a discussion of the types of routine disclosures that may be made, you may consult the Executive Office of the United States Trustee's system of records, UST-001, "Bankruptcy Case Files and Associated Records." *See* 71 Fed. Reg. 59,818 et seq. (Oct. 11, 2006). A copy of the notice may be obtained at the following link: http://www.justice.gov/ust/eo/rules_regulations/index.htm. Your disclosure of information is voluntary; however, failure to provide the requested information may result in the rejection of your application to be appointed to the Committee.

I hereby certify that, to the best of my knowledge and belief, the answers to this Questionnaire are true and correct. By executing this Questionnaire, I also agree to the restrictions and conditions set forth in the preceding paragraphs and in the Committee Information Sheet, and I agree to provide the periodic certifications upon the request of the United States Trustee.

Date: 2/10/2017

Signature

Hojin Paul Lee
Print Name

In-House Counsel
Title

4

ATTACHMENT

On January 31, 2013, Hyundai Heavy Industries Co., Ltd. ("HHI") entered into a shipbuilding contract with Toisa Limited ("Toisa") for the construction by HHI of one (1) offshore construction vessel. On April 28, 2016, Toisa purported to terminate the contract by providing HHI with a notice of cancellation. On May 10, 2016, HHI commenced an arbitration in London for wrongful termination and repudiatory breach of the contract by Toisa. In the arbitration, HHI has asserted that it is owed by Toisa not less than USD$90,098,441 after application of all payments made by Toisa. Toisa has sought return of its payments made under the contract and HHI denies that they are subject to refund.

# **EXHIBIT B**

(Hebert Questionnaire)

OFFICE OF THE UNITED STATES TRUSTEE
SOUTHERN DISTRICT OF NEW YORK
U.S. Federal Office Building
201 Varick Street, Suite 1006
New York, NY 10014
Tel. No. (212) 510-0500
Fax: (212) 668-2255/2361

### QUESTIONNAIRE FOR OFFICIAL COMMITTEE OF UNSECURED CREDITORS†

Re:   **Toisa Limited**, *et al.*‡
      **Case No. 17-10184 (SCC)**

*PKS*

### PLEASE RETURN BY FIRST CLASS MAIL OR FACSIMILE SO THAT THIS QUESTIONNAIRE IS RECEIVED NO LATER THAN:
February 14, 2017 at 12:00 Noon.

Please Type or Print Clearly.

I am willing to serve on a Committee of Unsecured Creditors.    Yes ( X )  No ( )

A.   Unsecured Creditor's Name and Contact Information:

Name:   Paul A. Hebert                   Phone: 985-226-9766

Address:   125 GArreTT LANe              Fax:   N/A

           HoumA, La.   70364            E-mail: Arrow 3392@~~bell~~
                                         GmAiL . Com

B.   Counsel (If Any) for Creditor and Contact Information:

Name:   Jodi J. Aamodt, Esq.             Phone: (504) 523-1444

---

† *Note: This is not a proof of claim form. Proof of claim forms are filed with the Clerk of the Bankruptcy Court, not with the United States Trustee.*
‡ The Debtors are as follows: Trade Prosperity, Inc.; Toisa Limited; United Courage, Inc.; Trade Vision, Inc.; United Journey, Inc.; United Kalavryta, Inc.; Trade Sky, Inc.; Trace Industrial Development Corporation; United Honor, Inc.; Trade Will, Inc.; United Leadership Inc.; United Seas, Inc.; United Dynamic, Inc.; United Emblem, Inc.; United Ideal Inc.; Trade Unity, Inc.; Trade Quest, Inc.; Trade Spirit, Inc.; Trade Resource, Inc.; United Ambassador, Inc.; Edgewater Offshore Shipping, Ltd.; United Banner, Inc.; Toisa Horizon, Inc.; and Trade and Transport Inc.

Address:   Jacobs, Manuel Kain & Aamodt _____   Fax: _____

   500 St. Louis St., Ste. 200, New Orleans, LA   E-mail: jmk_jodi@bellsouth.com

C.   If you have been contacted by a professional person(s) (*e.g.* attorney, accountant, or financial advisor) regarding the formation of this committee, please provide the individual's name and/or contact information:
   Jodi J. Aamodt, Esq. _____

D.   Amount of Unsecured Claim (U.S. $)   $25,000,000 (see complaint) _____

E.   If your claim is against more than one Debtor, list all Debtors:_____

   _____

   _____

F.   Describe the nature of your claim(s), *i.e.*, whether arising from goods or services provided; loans made; litigation; *etc.*, including whether any portion is secured. If secured, please describe the collateral securing the claim. If any portion of the claim(s) arises from litigation, please state the nature of the claim, the case number and jurisdiction (if applicable) and the status.

   Personal injury claim pending in the United States District Court for the Eastern

   District of Louisiana, Case No. 11-01200, related to the Deepwater Horizon

   explosion and oil spill.

G.   Amount of Unsecured Claim entitled to 11 U.S.C. § 503(b) as an administrative expense:

   $0.00.

H.   Would your schedule permit you to actively participate on the committee by attending weekly meetings (either by telephone or in person)? Yes ( X ) No ( )

**Representations:**

1.   Are you or the company you represent in any way "affiliated" with any of the Debtors within the meaning of Section 101(2) of the Bankruptcy Code, or a shareholder of, or related to, the Debtor(s)? Yes ( ) No ( X )

   If a shareholder, state the number of shares:_____

2

2.    Do you, or the company you represent, engage in a business which directly or indirectly competes with any of the businesses of the Debtor(s)? Yes ( ) No (X)

3.    Have you ever been or are you an officer, director, agent, representative or employee of the Debtor(s)?

       Yes (X)  No ( ) Does your claim arise from this relationship? Yes (X) No ( )

4.    State when you acquired the claim, the amount paid, and the face amount of the claim:  See attached complaint._____

5.    Have you or your attorney entered into a settlement agreement with the Debtor regarding resolution of your claim? Yes ( )  No (X)

6.    Do you have a claim against any entity affiliated with the Debtor? Yes (X) No ( )

       State the name of the entity and the nature and amount of the claims:_____

       Sealion Shipping, Ltd.  Personal injury claim – see attached complaint._____

7.    Do you or any affiliated entities have any other claims against, or debt or equity securities of, the Debtors(s)? Yes ( ) No (X)

8.    Do you or any affiliated entities have any financial arrangement that may affect the value of your claim(s) against or interest(s) in the Debtor(s) (e.g., personal guarantees, credit insurance, etc.)? Yes ( )  No (X)

9.    If you have given a proxy to a third party either to represent you at the creditors' committee formation meeting, or in connection with your claim, please attach a copy of the written proxy.  If a professional person has arranged for someone to hold a proxy on your behalf, please identify that individual:

       N/A_____

You may attach a written statement to explain or supplement any responses.

Creditors wishing to serve as fiduciaries on an official committee are advised that they may not purchase, sell or otherwise trade in or transfer claims against the Debtor while they are committee members absent an order of the court on application of the creditor.

Please be advised that once a committee is formed, the United States Trustee will file a notice of appointment in the court record that contains contact information for any creditor appointed, including the creditor's name, address and telephone number.

**Privacy Act Statement.** 11 U.S.C. § 1102 authorizes the collection of this information. The information will be used by the United States Trustee to determine your qualifications for appointment to the Committee. Disclosure of this information may be to a bankruptcy trustee or examiner when the information is needed to perform the trustee's or examiner's duties, or to the appropriate federal, state, local, regulatory, tribal, or foreign law enforcement agency when the information indicates a violation or potential violation of law. Other disclosures may be made for routine purposes. For a discussion of the types of routine disclosures that may be made, you may consult the Executive Office of the United States Trustee's system of records, UST-001, "Bankruptcy Case Files and Associated Records." *See* 71 Fed. Reg. 59,818 et seq. (Oct. 11, 2006). A copy of the notice may be obtained at the following link: http://www.justice.gov/ust/eo/rules_regulations/index.htm. Your disclosure of information is voluntary; however, failure to provide the requested information may result in the rejection of your application to be appointed to the Committee.

I hereby certify that, to the best of my knowledge and belief, the answers to this Questionnaire are true and correct. By executing this Questionnaire, I also agree to the restrictions and conditions set forth in the preceding paragraphs and in the Committee Information Sheet, and I agree to provide the periodic certifications upon the request of the United States Trustee.

Date: February ____, 2017

Signature

Print Name

Title

4

### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| PAUL A. HEBERT | * | CIVIL ACTION NO: |
| VERSUS | * | |
| BP AMERICA, INC., | * | SECTION: |
| BP EXPLORATION & PRODUCTION, | | |
| INC., BP P.L.C., WOOD GROUP | | |
| PRODUCTION SERVICES INC., | | |
| SEALION SHIPPING LTD AND | * | MAG. |
| TOISA LIMITED | | |
| | * | * |

### SEAMAN'S COMPLAINT
(Jury Trial)

NOW INTO COURT, through undersigned counsel, comes plaintiff, Paul A. Hebert, respectfully representing as follows:

1.

Plaintiff, Paul A. Hebert, is a person of the full age of majority and resident domiciliary of the Parish of Terrebonne, State of Louisiana.

2.

Made defendants herein are:

a) BP America, Inc., ("BP America") a non-Louisiana corporation licensed to do and doing business within the jurisdiction of this Honorable Court and having its domicile in the State of Delaware;

b) BP Exploration & Production, Inc. ("BP Exploration") a Delaware corporation with its principal place of business in Warrenville, Illinois;

c) BP P.L.C. ("BP P.L.C.") a British public limited company with its corporate headquarters in London, England (BP Exploration, BP America, and BP P.L.C. are herein after collectively referred to as "BP");

d) Wood Production Services, Inc., ("Wood Group") a non-Louisiana corporation licensed to do and doing business within the jurisdiction of this Honorable Court and having its domicile in the State of Texas;

e)  Sealion Shipping, Limited ("Sealion") a foreign corporation not authorized to do, but in fact doing business within the State of Louisiana and within the territorial jurisdiction of this Honorable Court;

f)  Toisa, Limited ("Toisa"), a foreign corporation not authorized to do, but in fact doing business within the State of Louisiana, and within the territorial jurisdiction of this Honorable Court.

3.

Jurisdiction of this Honorable Court is proper under 28 U.S.C. §1333 as this is an admiralty/maritime claim.

4.

This matter is governed by 46 U.S.C. Section 688 ("The Jones Act") and the General Maritime Law.  In the alternative, this matter is governed by the Sieracki doctrine and 33 U.S.C Section 901 et seq., including Section 905(b) and Section 933.

5.

At all times relevant to the instant Complaint, plaintiff was directly employed by defendant, WOOD GROUP, as a seaman under the purview of the Jones Act.

6.

At all times relevant to the instant Complaint, plaintiff was assigned to and working aboard the TOISA PISCES, a vessel owned and/or operated and/or controlled and/or chartered by defendants, SEALION and TOISA.  While aboard the vessel, plaintiff worked under the rules of the vessel and was therefore subject to the supervision, direction, and control of defendants, SEALION and TOISA.

7.

At all times relevant to the instant Complaint, the purpose and mission of this vessel and those assigned to the vessel was to contain the oil spilling out of the Deepwater Horizon well,

resulting from the Deepwater Horizon explosion of April 20, 2010. In that regard, plaintiff was also working under the supervision, direction, and control of defendant, BP, in accomplishing this task.

8.

At all times relevant to the instant complaint, plaintiff was under the direction, supervision, and/or control of defendants as a direct employee and/or borrowed employee. Defendants are therefore jointly and solidarily liable to plaintiff for the incidents and injuries set forth and described herein under the Jones Act, the General Maritime Law, including the doctrine of unseaworthiness, and, in the alternative, the provisions of the Sieracki Doctrine and the provisions of the Longshore Harbor Worker's Compensation Act, 33 U.S.C. 901, et seq., including but not limited to Sections 905(b) and 933.

9.

On or about April 20, 2010, an explosion and fire destroyed the Deepwater Horizon offshore drilling rig in the Gulf of Mexico off of the southeast coast of Louisiana. For months after the explosion and fire, crude oil gushed from the site of the explosion in unprecedented amounts.

10.

Upon information and belief, defendant, BP, contracted with and/or hired defendants, SEA LION AND TOISA, to operate the TOISA PISCES at the site of the explosion, fire and oil spill.

11.

Defendant, WOODGROUP, was contracted and/or hired to work aboard the TOISA

3

PISCES in conjunction with the vessel's assignment at the site of the explosion, fire, and oil spill.

12.

Plaintiff, Paul Hebert, was assigned to work aboard the TOISA PISCES under the direction and control of his direct employer and defendant, WOODGROUP, as well as under the direction and control of defendants, BP, SEALION, and TOISA.

13.

At all times relevant herein, plaintiff worked, ate and slept aboard the TOISA PISCES during which time he contributed to its mission and function while maintained a connection to the vessel that was substantial in both duration and nature.

14.

While working aboard the TOISA PISCES under the direction and control of defendants, plaintiff was continuously exposed to oil, toxic chemicals and toxic materials. The continuous exposure caused significant and permanent physical and mental injuries to plaintiff.

15.

The incident forming the subject matter of this litigation occurred through no fault of plaintiff, but instead as a direct result of the negligence and fault of defendants, BP, WOOD GROUP, SEALION SHIPPING LTD, and TOISA LIMITED, as well as, their employees, agents and/or servants for which they are responsible. Plaintiff asserts a cause of action against defendants under the Jones Act, the general maritime law, including the doctrine of unseaworthiness, and, in the alternative, the Sieracki doctrine and 33 U.S.C. Section 901 *et seq.*, including Section 905(b) and Section 933. Plaintiff asserts these causes of action against

4

defendants and their employees, agents and/or servants for which they are responsible in one or more of the following non-exclusive respects:

(a)  Failure to take the necessary and reasonable steps to protect the health and welfare of plaintiff and other persons working aboard the TOISA PISCES

(b)  Negligent, improper and unsafe use and control of the equipment aboard the TOISA PISCES;

(c)  Failure to enforce the use of safety equipment, including but not limited to the failure to use of respirators while working around the toxic materials;

(d)  Failure to properly investigate and conduct an adequate job risk analysis to recognize the danger of working in this general area following this explosion and oil spill;

(e)  Failure to properly inspect and warn plaintiff and others of the hazards present during these operations, including but not limited to the dangers of exposure to the toxic materials;

(f)  Failure to properly train personnel in the use of respirators and other safety equipment aboard the vessel;

(g)  Failure to provide plaintiff with a reasonably safe place to work;

(h)  Failure to adequately supervise operations aboard the vessel;

(i)  Failure to provide and ensure reasonable communication between the persons working aboard the vessel;

(j)  Failure to provide adequate safety training, guidelines and proper safety precautions to plaintiff and others;

(k)  Failure to have an adequate and safe method for accomplishing the task during which plaintiff was injured;

(l)  Failure to provide proper and adequate safety equipment to plaintiff and others;

(m)  Failure to institute and maintain proper safety measures aboard the vessel;

(n)  Failure to safely and property operate, control and maintain the vessel; and

(o)  Other negligent acts and/or omissions to be shown at the trial of this matter.

5

15.

As a result of said accident, Plaintiff sustained severe physical and mental injuries including but not limited to the development of a seizure disorder, memory problems, toxic poisoning, respiratory problems, skin rashes, stomach complications, and other long term health effects not known at this time.    Plaintiff seeks the following damages in connection with his injuries:

    (a)    Past and future lost/impaired wages, income, earning capacity and employment related benefits;

    (b)    Past and future physical pain and suffering, disability and disfigurement;

    (c)    Past and future mental and emotional pain and suffering, as well as, the loss of enjoyment of life;

    (d)    Past and future medical, custodial and rehabilitation expenses;

    (e)    Punitive damages;

    (f)    Past and future maintenance, cure and found; and

    (g)    Additional damages to be shown at the trial of this matter.

16.

Nothing plaintiff did or failed to do caused or contributed to the above described accident and the resulting injuries.

17.

Plaintiff is entitled to prejudgment interest on damages from the date of loss.  As to any damages which the Court determines are not properly subject to an award of prejudgment interest, plaintiff seeks interest from the date of judicial demand or, in the alternative, the date of judgment.

18.

Plaintiff is entitled to and requests a trial by jury on all issues raised in this complaint.

WHEREFORE, plaintiff, PAUL A. HEBERT, prays that defendants BP AMERICA, INC., BP EXPLORATION & PRODUCTION, INC., BP P.L.C., WOOD GROUP PRODUCTION SERVICES, INC., SEALION SHIPPING, LTD., and TOISA LIMITED, be served with a copy of this lawsuit and that after a trial by jury and all due proceedings, there be judgment rendered in favor of the plaintiff in the sum of TWENTY FIVE MILLION DOLLARS AND NO/100, plus all due interests and costs. Plaintiff also prays for all other appropriate general and equitable relief necessary and proper under the circumstances.

JODI J. AAMODT, ESQ. #21639
jmk_jodi@bellsouth.net
STANLEY J. JACOBS #7211
JACOBS, MANUEL KAIN & AAMODT
500 St. Louis Street, Suite 200
New Orleans, LA 70130-2118
Telephone:    (504) 523-1444
Facsimile:    (504) 524-1655

COSSICH, SUMICH PARSIOLA & TAYLOR
L.L.C.
BY: /s/ BRANDON J. TAYLOR
PHILIP F. COSSICH, JR., #1788 (T.A.)
pcossich@cossichlaw.com
BRANDON TAYLOR, #27662
btaylor@cossichlaw.com
DAVID A. PARSIOLA, #21005
dparsiola@cossichlaw.com
DARREN D. SUMICH, #23321
dsumich@cossichlaw.com
MARK KAUFMAN, #32526
mkaufman@cossichlaw.com
8397 Highway 23, Suite 100
Belle Chasse, LA 70037
Telephone:    (504) 394-9000
Facsimile:    (504) 394-9110

# EXHIBIT C

(Pequod Questionnaire)

OFFICE OF THE UNITED STATES TRUSTEE
SOUTHERN DISTRICT OF NEW YORK
U.S. Federal Office Building
201 Varick Street, Suite 1006
New York, NY 10014
Tel. No. (212) 510-0500
Fax: (212) 668-2255/2361

QUESTIONNAIRE FOR OFFICIAL COMMITTEE OF UNSECURED
CREDITORS[†]

Re:  Toisa Limited, *et al.*[‡]
Case No.  17-10184 (SCC)

*PKS*

PLEASE RETURN BY FIRST CLASS MAIL OR FACSIMILE SO THAT THIS
QUESTIONNAIRE IS RECEIVED NO LATER THAN:
February 14, 2017 at 12:00 Noon.

Please Type or Print Clearly.

I am willing to serve on a Committee of Unsecured Creditors.      Yes (X)  No ( )

A.     Unsecured Creditor's Name and Contact Information:

Name:     BP Products North America Inc.          Phone: (212) 209-3939
          c/o Pequod Associates USA LLC, its agent
Address:  708 3rd. Avenue                         Fax: _____
          New York, NY 10017
                                                  E-mail: davidbuckingham@pequodusa.com

B.     Counsel (If Any) for Creditor and Contact Information:

Name:     Fred Stevens, Esq.                      Phone: 212-679-5342
          Klestadt Winters Jureller Southard & Stevens, LLP

---

[†] *Note:  This is not a proof of claim form.  Proof of claim forms are filed with the Clerk of the Bankruptcy Court, not with the United States Trustee.*
[‡] The Debtors are as follows: Trade Prosperity, Inc.; Toisa Limited; United Courage, Inc.; Trade Vision, Inc.; United Journey, Inc.; United Kalavryta, Inc.; Trade Sky, Inc.; Trade Industrial Development Corporation; United Honor, Inc.; Trade Will, Inc.; United Leadership Inc.; United Seas, Inc.; United Dynamic, Inc.; United Emblem, Inc.; United Ideal Inc.; Trade Unity, Inc.; Trade Quest, Inc.; Trade Spirit, Inc.; Trade Resource, Inc.; United Ambassador, Inc.; Edgewater Offshore Shipping, Ltd.; United Banner, Inc.; Toisa Horizon, Inc.; and Trade and Transport Inc.

Address:   200 West 41st St., 17th Floor          Fax: _____

           New York, NY 10036                     E-mail: fstevens@klestadt.com

C.    If you have been contacted by a professional person(s) (*e.g.* attorney,
      accountant, or financial advisor) regarding the formation of this committee,
      please provide the individual's name and/or contact information:
      Fred Stevens _____

D.    Amount of Unsecured Claim (U.S. $)  $1,031,441.61 _____

E.    If your claim is against more than one Debtor, list all Debtors:_____

      _____

      _____

F.    Describe the nature of your claim(s), *i.e.*, whether arising from goods or
      services provided; loans made; litigation; *etc.*, including whether any portion
      is secured.  If secured, please describe the collateral securing the claim.  If
      any portion of the claim(s) arises from litigation, please state the nature of
      the claim, the case number and jurisdiction (if applicable) and the status.

      Claim for shortage of 8,641 barrels of crude oil shipped from Egypt to the United States

      in April 2012, on board the M/V United Emblem. _____

      _____

G.    Amount of Unsecured Claim entitled to 11 U.S.C. § 503(b) as an
      administrative expense:

      $0.00. _____

H.    Would your schedule permit you to actively participate on the committee by
      attending weekly meetings (either by telephone or in person)?  Yes (X)  No ( )

**Representations:**

1.    Are you or the company you represent in any way "affiliated" with any of the
      Debtors within the meaning of Section 101(2) of the Bankruptcy Code, or a
      shareholder of, or related to, the Debtor(s)?  Yes ( )  No (X)

      If a shareholder, state the number of shares:_____

2

2.  Do you, or the company you represent, engage in a business which directly or indirectly competes with any of the businesses of the Debtor(s)? Yes ( ) No (X)

3.  Have you ever been or are you an officer, director, agent, representative or employee of the Debtor(s)?

    Yes ( ) No (X) Does your claim arise from this relationship? Yes ( ) No ( )

4.  State when you acquired the claim, the amount paid, and the face amount of the claim:_____

5.  Have you or your attorney entered into a settlement agreement with the Debtor regarding resolution of your claim? Yes ( ) No (X)

6.  Do you have a claim against any entity affiliated with the Debtor? Yes (X) No ( )

    State the name of the entity and the nature and amount of the claims:_____

    Claim is against the debtor entity that owns the M/V United Emblem, i.e., United Emblem, Inc.

7.  Do you or any affiliated entities have any other claims against, or debt or equity securities of, the Debtors(s)? Yes ( ) No (X)

8.  Do you or any affiliated entities have any financial arrangement that may affect the value of your claim(s) against or interest(s) in the Debtor(s) (e.g., personal guarantees, credit insurance, etc.)? Yes ( ) No (X)

9.  If you have given a proxy to a third party either to represent you at the creditors' committee formation meeting, or in connection with your claim, please attach a copy of the written proxy. If a professional person has arranged for someone to hold a proxy on your behalf, please identify that individual:

    N/A_____

**You may attach a written statement to explain or supplement any responses.**

**Creditors wishing to serve as fiduciaries on an official committee are advised that they may not purchase, sell or otherwise trade in or transfer claims against the Debtor while they are committee members absent an order of the court on application of the creditor.**

Please be advised that once a committee is formed, the United States Trustee will file a notice of appointment in the court record that contains contact information for any creditor appointed, including the creditor's name, address and telephone number.

**Privacy Act Statement.** 11 U.S.C. § 1102 authorizes the collection of this information. The information will be used by the United States Trustee to determine your qualifications for appointment to the Committee. Disclosure of this information may be to a bankruptcy trustee or examiner when the information is needed to perform the trustee's or examiner's duties, or to the appropriate federal, state, local, regulatory, tribal, or foreign law enforcement agency when the information indicates a violation or potential violation of law. Other disclosures may be made for routine purposes. For a discussion of the types of routine disclosures that may be made, you may consult the Executive Office of the United States Trustee's system of records, UST-001, "Bankruptcy Case Files and Associated Records." *See* 71 Fed. Reg. 59,818 et seq. (Oct. 11, 2006). A copy of the notice may be obtained at the following link: http://www.justice.gov/ust/eo/rules_regulations/index.htm. Your disclosure of information is voluntary; however, failure to provide the requested information may result in the rejection of your application to be appointed to the Committee.

I hereby certify that, to the best of my knowledge and belief, the answers to this Questionnaire are true and correct. By executing this Questionnaire, I also agree to the restrictions and conditions set forth in the preceding paragraphs and in the Committee Information Sheet, and I agree to provide the periodic certifications upon the request of the United States Trustee.

Date: 22 | 02 | 2017

Signature

DAVID BUCKINGHAM

Print Name

ASSOCIATE DIRECTOR

Title

4

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
                               :
In re:                           :       Chapter 11
                               :
TOISA LIMITED, *et al,*        :       Case No. 17-10184 (SCC)
                               :
                               :       Joint Administered
               Debtors.       :
------------------------------------------------------------X

### SPECIAL POWER OF ATTORNEY AND PROXY

       The undersigned, BP Products North America Inc. ("**BP**"), does hereby constitute and appoint Pequod Associates USA LLC, as its true and lawful, agent and proxy, with full power of substitution, for and in his name, place, and stead, to represent BP's interests with respect to that certain claim for shortage of 8,641 barrels of crude oil shipped from Egypt to the United States of America in April 2012 aboard the tanker United Emblem, including, without limitation, to file, prosecute, negotiate and settle any actions, including filing a proof or proofs of claim, seek modification of the automatic or other stay, and/or to negotiate and settle such action(s) and/or claim(s), with any insurers, the debtors, or otherwise, and to seek to become a member of the official committee of unsecured creditors in the above-referenced cases and to vote on behalf of Pequod (defined below) or BP (as the case may be) in connection with such claim(s) at the organizational meeting of unsecured creditors, with all the powers the undersigned would possess if personally present, but only to the extent necessary to pursue and collect on the claim(s) as described above.

       Nothing herein shall be deemed to limit, expand or otherwise modify BP's previous instruction to Pequod Associates USA LLC and Pequod Associates Limited (collectively, "**Pequod**"), dated June 18, 2012, whereby the undersigned confirmed its instructions to Pequod to protect BP's rights and pursue the subject claim against the shipping line (one or more of the above-referenced debtors), carriers and/or other responsible parties in relation to the claim and authorized Pequod to negotiate settlement and accept payment of monies in due discharge of such claim(s) on BP's behalf.

Dated:  February _22_, 2017

BP PRODUCTS NORTH AMERICA INC.

By: _Chy Joy on Behalf of Mark Cleveland_

Mark Cleveland,
Commercial Ops Team Lead
BP Products North America Inc.
30 South Wacker Drive, Suite 900
Chicago, IL, 60606,
(312) 594-7588
Mark.cleveland@bp.com