UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                                 :
In re:                                                           :    Chapter 11
                                                                 :
TOISA LIMITED, *et al.*,                                         :    Case No. 17-10184 (SCC)
                                                                 :
            Debtors.[1]                                          :    (Jointly Administered)
                                                                 :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**ORDER APPROVING SETTLEMENT AGREEMENT WITH HYUNDAI HEAVY INDUSTRIES CO., LTD. PURSUANT TO BANKRUPTCY RULE 9019**

Upon the application (the "Motion")[2] of Toisa Limited ("Toisa") and certain of its affiliates, as debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors"), by their attorneys, Togut, Segal & Segal LLP, for entry of an order pursuant to Rule 9019(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") approving the settlement agreement (the "Settlement Agreement") by and between the Debtors and Hyundai Heavy Industries Co., Ltd. (the "Claimant" and together with the Debtors, the "Parties"); and it appearing that this Court has jurisdiction to consider the Motion and relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31,

---

[1] The Debtors in these chapter 11 cases are as follows: Trade Prosperity, Inc.; Toisa Limited; United Courage, Inc.; Trade Vision, Inc.; United Journey, Inc.; United Kalavryta, Inc.; Trade Sky, Inc.; Trade Industrial Development Corporation; United Honor, Inc.; Trade Will, Inc.; United Leadership Inc.; United Seas, Inc.; United Dynamic, Inc.; United Emblem, Inc.; United Ideal Inc.; Trade Unity, Inc.; Trade Quest, Inc.; Trade Spirit, Inc.; Trade Resource, Inc.; United Ambassador, Inc.; Edgewater Offshore Shipping, Ltd.; United Banner, Inc.; Toisa Horizon, Inc.; and Trade and Transport Inc.

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

2012 (Preska, C.J.); and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Motion is in the best interests of the Debtors' estates; and it appearing that due and appropriate notice of the Motion has been given under the circumstances of these Chapter 11 cases; and it appearing that no other or further notice need be provided; and upon the record in these Chapter 11 cases; and after due deliberation thereon; and good and sufficient cause appearing therefore; it is hereby:

ORDERED, that the Motion is granted and the Settlement Agreement is approved; and it is further

ORDERED, pursuant to Clause 5 of the Settlement Agreement, the Claimant is authorized to pay to Toisa the Settlement Sum (as defined in the Settlement Agreement) within fourteen (14) banking days of the Effective Date (as defined in the Settlement Agreement) to Citibank NA bank account ending in 0089 held by Goldman Sachs International, with Toisa as the account beneficiary; and it is further

ORDERED, that the Debtors are authorized to take all necessary actions to carry out this Order; and it is further

ORDERED, that Kurtzman Carson Consultants LLC, the Debtors' claims agent appointed in these Chapter 11 cases, shall be authorized to reflect the foregoing on the official claims register maintained in these Chapter 11 cases; and it is further

ORDERED, that the Court shall retain jurisdiction to hear and determine any and all matters arising from the interpretation and/or implementation of this Order.

Date:  New York, New York
       January 2, 2018

/S/ Shelley C. Chapman
HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE