UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                     :

In re:                                      :      Chapter 11

TOISA LIMITED, *et al*.,              :      Case No. 17-10184 (SCC)

              Debtors.[1]              :      (Jointly Administered)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**ORDER APPROVING (A) PROCEDURES REGARDING THE SOLICITATION
OF OFFERS IN CONNECTION WITH THE SALE OF CERTAIN OF THE DEBTORS'
VESSELS AND NEWBUILD CONTRACTS, SUBJECT TO BANKRUPTCY
COURT APPROVAL, (B) THE FORM OF NOTICES REGARDING
THE SALES AND (C) THE FORM OF PURCHASE AND SALE AGREEMENT**

Upon the motion (the "Motion")[2] of the above-captioned debtors and

debtors in possession (collectively, the "Debtors"), for entry of an order pursuant to

sections 105(a), 363(b), 363(f), 363(m) and 365 of Title 11 of the United States Code (the

"Bankruptcy Code"), Rules 2002, 6004, 6006 and 9006 of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules"), Rules 6004-1 and 6006-1 of the Local

Bankruptcy Rules of the United States Bankruptcy Court for the Southern District of

---

[1] The Debtors in these chapter 11 cases are as follows: Trade Prosperity, Inc.; Toisa Limited; United Courage, Inc.; Trade Vision, Inc.; United Journey, Inc.; United Kalavryta, Inc.; Trade Sky, Inc.; Trade Industrial Development Corporation; United Honor, Inc.; Trade Will, Inc.; United Leadership Inc.; United Seas, Inc.; United Dynamic, Inc.; United Emblem, Inc.; United Ideal Inc.; Trade Unity, Inc.; Trade Quest, Inc.; Trade Spirit, Inc.; Trade Resource, Inc.; United Ambassador, Inc.; Edgewater Offshore Shipping, Ltd.; United Banner, Inc.; Toisa Horizon, Inc.; and Trade and Transport Inc.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to such term in the Motion.

New York (the "<u>Local Rules</u>") and the *Amended Guidelines for the Conduct of Asset Sales for the United States Bankruptcy Court for the Southern District of New York* (the "<u>Sale Guidelines</u>") approving (i) procedures (the "<u>Sale Procedures</u>") to be utilized in connection with the proposed sale or assignment, as applicable (each, a "<u>Sale</u>" and, collectively, the "<u>Sales</u>"), of (x) certain of the Debtors' tankers and bulkers (collectively, the "<u>Oceangoing Vessels</u>") and (y) contracts for the purchase of vessels that are under construction (collectively, the "<u>Newbuild Contracts</u>") and (ii) the form of notices regarding the Sales; and this Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and venue of these Chapter 11 Cases and the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that proper and adequate notice of the Motion and the relief requested therein (as related to the Sale Procedures aspects of the Motion) has been provided in accordance with the Bankruptcy Rules, Local Rules and any applicable orders entered in these Chapter 11 Cases, and no other or further notice is necessary; and any objections to the aspects of the Motion relating to the Sale Procedures having been withdrawn or overruled on the merits; and a revised form of order, together with the exhibits thereto, as well as a revised form of Purchase Agreement having been filed on March 27, 2018 at Docket No. 519; and the Court having reviewed such supplemental filing; and this Court having heard the Debtors, by their attorneys, and other parties in attendance at a hearing conducted on March 29, 2018 (the "<u>Procedures Hearing</u>"); and based on the Motion and the record of the Procedures Hearing, it appearing that the portion of the relief

2

requested in the Motion relating to the Sale Procedures considered at the Procedures Hearing is in the best interests of the Debtors' estates and all parties in interest; and after due deliberation thereon and good cause appearing therefor, it is hereby:

**FOUND AND DETERMINED THAT:[3]**

  A. This Court has jurisdiction over the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of the Motion and the relief requested therein is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

  B. Good and sufficient notice of the relief sought in the Motion (as related to the Sale Procedures) has been given and no other or further notice is required. A reasonable opportunity to object or be heard regarding the relief requested in the Motion relating to the Sale Procedures has been afforded to all interested persons and entities. Specifically, as evidenced by the Affidavit of Service filed at Docket No. 514, a copy of the Motion, with exhibits, was served on: (a) the United States Trustee; (b) counsel for the Informal Committee; (c) the Debtors' Secured Lenders; (d) counsel for the Creditors' Committee; (e) all parties in interest under Bankruptcy Rule 2002; and (f) any other party entitled to notice pursuant to Local Bankruptcy Rule 9013-1(b) and which has filed a notice of appearance in these Chapter 11 Cases.

---

[3] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact, when appropriate. *See* Fed. R. Bankr. P. 7052.

      C.      The proposed form and method of notice of the Sales, the Sale Procedures, the Bid Deadline, the Objection Deadline and the Sale Hearing (if any), as set forth in the Motion, is good, appropriate, sufficient and is reasonably calculated to provide all interested parties with timely and proper notice of the Sales, the Sale Procedures, the Bid Deadline, the Objection Deadline and the Sale Hearing (if any), and no other or further notice of the Sales, the Sale Procedures, the Bid Deadline, the Objection Deadline and the Sale Hearing (if any) is required.

      D.      The Debtors have articulated good and sufficient cause for this Court to grant the relief requested in the Motion relating to the Sale Procedures, including this Court's (i) approval of the Sale Procedures set forth herein; and (ii) approval of the form and manner of service of the Bidding Notice, substantially in the form attached hereto as Exhibit "1" and the Sale Notice, substantially in the form attached hereto as Exhibit "2" (collectively, the "Notices").

      E.      The Debtors have articulated good and sufficient cause for, and that the best interests of the Debtors' estates will be served by, this Court scheduling a subsequent hearing to consider whether to grant the remainder of the relief requested in the Motion, including approval of (i) the proposed Sales, in accordance with the applicable Purchase Agreement for the applicable Oceangoing Vessel or Newbuild Contract by and between the applicable Vessel Owner or Debtor party to the applicable Newbuild Contract and the applicable Successful Bidder free and clear of, liens, claims, encumbrances and other interests (collectively, "Liens"), with all Liens on or against the applicable Oceangoing Vessel or Newbuild Contract and related assets being sold

4

attaching to the consideration received by the Debtors under the Purchase Agreement, with the same force, validity, priority and effect as they currently exist, pursuant to section 363(f) of the Bankruptcy Code, as well as (ii) payment of the Broker Commission(s), if any, from the proceeds of the applicable Sale(s) pursuant to the applicable Sale Order(s).

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. The Motion is GRANTED solely to the extent provided in this Order.

2. All objections to entry of this Order or to the relief provided herein that have not been withdrawn, waived, resolved, or settled are hereby denied and overruled in their entirety.

### THE SALE PROCEDURES

3. The below Sale Procedures, which are approved in all respects, shall be utilized regarding the Sale of the Oceangoing Vessels and Newbuild Contracts:

   (a) **Bidding Notice**. The Broker shall serve a copy of each Bidding Notice on: (a) the United States Trustee; (b) counsel to the Informal Committee; (c) counsel to the Creditors' Committee; (d) the applicable Secured Lender and its counsel; (e) the United States Attorney's Office for the Southern District of New York; (f) all persons and entities known to have asserted a Lien on the applicable Oceangoing Vessel or Newbuild Contract; (g) all parties that filed a notice of appearance in these Chapter 11 Cases; (h) all persons and entities that have expressed an interest in acquiring the Oceangoing Vessel or the Newbuild Contract, as applicable (or that the Broker anticipates might have such an interest); (i) any vendor of the Debtors or the Managing Agents that has an outstanding account receivable for the provision of goods or services in connection with the applicable Oceangoing Vessel; and (j) any additional person or entity

entitled to notice under Local Rule 9013-1(b) (collectively, the "<u>Bidding Notice Parties</u>") at least seven (7) calendar days prior to the Inspection Date (as defined below) for the applicable Oceangoing Vessel or Newbuild Contract. The Bidding Notice shall contain the following information for each Oceangoing Vessel or Newbuild Contract: (i) a description of the Oceangoing Vessel or the vessel being constructed under the Newbuild Contract; (ii) the date, time and place where the Oceangoing Vessel or vessel being constructed under the Newbuild Contract may be inspected by interested bidders; (iii) the procedures for obtaining access to the Data Room; (iv) the deadline to submit a bid for the Oceangoing Vessel or Newbuild Contract (for each Oceangoing Vessel or Newbuild Contract, the "<u>Bid Deadline</u>"); and (v) the requirements for such bid to constitute a "Qualified Bid" (as defined below). The Broker may, in its sole discretion, publish a copy of all or a portion of the Bidding Notices in one or more appropriate publications. The Broker may, in its discretion, and in consultation with the Debtors, the Creditors' Committee, the Informal Committee and the applicable Secured Lender, transmit, publish, or otherwise disseminate additional notices, advertisements or other communications to solicit offers for all or a portion of the Oceangoing Vessels and Newbuild Contracts.

(b) **Inspections**. Each Oceangoing Vessel sold or vessel being constructed under a Newbuild Contract assigned pursuant to these Sale Procedures must be available for inspection for at least two (2) consecutive days (the last such day shall be referred to as the "<u>Inspection Date</u>"). The Debtors shall use their reasonable best efforts to obtain the cooperation of the appropriate Managing Agent[4] to ensure that timely access (including for inspection purposes) and accurate information is provided to the Debtors and prospective purchasers of each of the Oceangoing Vessels and Newbuild Contracts. The Debtors shall provide updates to the Informal Committee, the Creditors' Committee and the applicable Secured Lender regarding the status of each inspection, upon reasonable request and, in the event the Debtors fail to obtain the cooperation of the appropriate Managing Agent as set forth above, immediately upon learning of such failure.

---

[4] The Debtors' Managing Agents include Brokerage and Management Corporation; Marine Management Services M.C.; Trade and Transport (UK) Ltd.; Marine Management Bulk Services, Inc.; Sealion Do Brasil Navegação Ltda; and Sealion Shipping, Ltd. (collectively, the "<u>Managing Agents</u>").

(c) **Qualified Bidders**. In order to be considered a potential Purchaser (as defined below) of an Oceangoing Vessel, a Newbuild Contract or a combination thereof, a bidder must first deliver to the Debtors a Qualified Bid (as defined below). A bidder that delivers a Qualified Bid shall be referred to herein as a "Qualified Bidder". Each Secured Lender shall be deemed a "Qualified Bidder" without satisfying any of the requirements in paragraph (d) below in respect of the Oceangoing Vessel or Newbuild Contract for which such Secured Lender provided financing.

(d) **Qualified Bid**. A qualified bid for an Oceangoing Vessel(s) or Newbuild Contract(s)[5] (a "Qualified Bid") must (i) be irrevocable through the earlier of the closing date for the applicable Sale (the "Closing Date") and ten (10) days after the entry of the applicable Sale Order; provided, however, that if the Qualified Bid becomes the Successful Bid (as defined below), such bid shall be irrevocable through the Closing Date or such earlier date as the applicable Purchase Agreement may be terminated in accordance with its terms; (ii) be submitted to counsel for the Debtors, Togut, Segal & Segal LLP, One Penn Plaza, Suite 3335, New York, NY 10119, Attn: Frank A. Oswald, Esq. and Kyle J. Ortiz, Esq.[6] and the Broker, Clarksons Platou Shipbroking, Commodity Quay, St. Katherine Docks, London, E1W 1BF, United Kingdom, prior to the applicable Bid Deadline; and (iii) satisfy the following requirements:

(1) The bid must be in writing in a form substantially similar to the Purchase Agreement marked to show any changes made thereto, which changes shall be no less favorable to the seller as those set forth in the Purchase Agreement;

(2) To the extent an Oceangoing Vessel or a vessel being constructed under a Newbuild Contract is subject to a charter agreement, the bid for such Oceangoing Vessel or Newbuild Contract must indicate whether the bidder intends to purchase such Oceangoing Vessel or Newbuild Contract subject to, or free and clear of, the applicable charter agreement;

---

[5] In the event a potential bidder seeks to bid on multiple Oceangoing Vessels or Newbuild Contracts "en bloc", such bidder shall allocate the purchase price for each such Oceangoing Vessel and Newbuild Contract that forms such bidder's bloc bid, and each Oceangoing Vessel and Newbuild Contract shall be the subject of a separate Purchase Agreement that, upon execution and subject to Bankruptcy Court approval, is binding and enforceable against such bidder and the seller.

[6] Upon receipt of a bid the Debtors shall promptly share such bid with the Informal Committee, the Creditors' Committee and the applicable Secured Lender(s).

7

    (3) The Debtors may, in their discretion (and in consultation with the Informal Committee, the Creditors' Committee and the applicable Secured Lender), request evidence demonstrating the bidder's financial ability to timely consummate the purchase of the applicable Oceangoing Vessel(s) or Newbuild Contract(s) or to perform under the applicable Newbuild Contract(s), and a binding, unconditional commitment letter for financing, if applicable;

    (4) The bid must disclose the identity of the entity or entities bidding for the applicable Oceangoing Vessel(s) or Newbuild Contract(s) or otherwise participating in such bid;[7] and

    (5) The bid must be firm and unconditional, on an as-is, where-is basis, and not subject to any financing or other contingencies.

(e) **Bid Deadline**. All bids for the applicable Oceangoing Vessel or Newbuild Contract must be received by the Debtors by the deadline stated in the applicable Bidding Notice (each, a "Bid Deadline"). The Bid Deadline shall be at least seven (7) calendar days after the Inspection Date for the applicable Oceangoing Vessel or the vessel being constructed under the applicable Newbuild Contract. Upon expiration of the applicable Bid Deadline, the Debtors shall transmit a copy of all bids received for the applicable Oceangoing Vessel or Newbuild Contract to: (i) counsel for the Informal Committee; (ii) counsel for the Creditors' Committee; and (iii) the applicable Secured Lender and its counsel.

(f) **Credit Bid**. On or before the date that is three (3) business days following the expiration of the Bid Deadline for the applicable Oceangoing Vessel or Newbuild Contract (the "Credit Bid Deadline"), the applicable Secured Lender, or its assignee, shall be permitted, in accordance with the terms of the Cash Collateral Orders, to submit a credit bid under section 363(k) of the Bankruptcy Code for the Oceangoing Vessel or Newbuild Contract on which it has a Lien in any amount up to the aggregate amount of its Claim[8] against the relevant selling Vessel Owner or Debtor party to the

---

[7] The Debtors (in consultation with the Informal Committee, the Creditors' Committee and the applicable Secured Lender) may, in their discretion, request additional information from any bidder (including, for the avoidance of doubt, a Secured Lender making a credit bid) regarding the identity of such bidder and the relationship such bidder may have with parties in interest in these Chapter 11 Cases or any other bidder for the Oceangoing Vessel(s) and Newbuild Contract(s).

[8] A Secured Lender's "Claim" as used in these Sale Procedures is inclusive of any unpaid principal and interest (including as applicable default interest) and fees, costs, legal expenses and other amounts

*(footnote continued on the following page)*

relevant Newbuild Contract. For the avoidance of doubt, a Secured Lender shall be permitted to submit a bid with cash and credit components and the credit component shall constitute the equivalent of cash for the purposes of evaluating bids. Once a Secured Lender submits a credit bid, it shall no longer be entitled to consultation rights with respect to the applicable Sale of its Oceangoing Vessel or Newbuild Contract. Any rights that the Debtors, Secured Lenders, or the Creditors' Committee (as applicable) may have to object to the Debtors' selection of Successful Bid(s) or to object to the consummation of the sale transaction represented by such bid are preserved. The Debtors and the Creditors' Committee acknowledge and agree that they shall not object to a Secured Lender's credit bid submitted in accordance with section 363(k) of the Bankruptcy Code or the consummation of the sale transaction represented by such credit bid.

(g) **Procedures for Handling Multiple Qualified Bids**. In the event multiple Qualified Bids (including any credit bid submitted in accordance with subsection (f) above) for the same Oceangoing Vessel or Newbuild Contract are received on or before the Bid Deadline or the Credit Bid Deadline, as applicable, the Broker shall be authorized to contact such Qualified Bidders to induce such bidders to increase their bid, as directed by the Debtors (the "Sale Process"). The Broker shall regularly update the Debtors, the Informal Committee, the Creditors' Committee and the applicable Secured Lender regarding the Sale Process, including the amount and status of overbids (if any) (unless the applicable Secured Lender has submitted a credit bid for an Oceangoing Vessel or Newbuild Contract, in which case it shall not receive updates except (i) as provided to other bidders for the applicable Oceangoing Vessel or Newbuild Contract and (ii) to notify the applicable Secured Lender of any material changes to the Purchase Agreement).

---

that are owing to such Secured Lender in accordance with the Bankruptcy Code and applicable bankruptcy and non-bankruptcy law, and the terms of the relevant Prepetition Facility Document (as such term is defined in the "Informal Committee Cash Collateral Order", entered on July 18, 2017 [Docket No. 246]), Tanker Facility Document (as such term is defined in the "Credit Agricole Corporate and Investment Bank Cash Collateral Order," entered on March 29, 2017 [Docket No. 91]), or Citibank Tanker Facility Document (as such term is defined in the "Citibank N.A., London Branch Cash Collateral Order," entered on March 29, 2017 [Docket No. 80]). The Informal Committee Cash Collateral Order, Credit Agricole Corporate and Investment Bank Cash Collateral Order, and Citibank N.A., London Branch Cash Collateral Order, as they may be amended or extended from time to time, are collectively referred to herein as the "Cash Collateral Orders."

(h) **Successful Bid**. Following the expiration of the Credit Bid Deadline and conclusion of the Sale Process, if any, described in subsection (g) above, for each Oceangoing Vessel and Newbuild Contract, the Debtors, in consultation with the Informal Committee, the Creditors' Committee and the applicable Secured Lender, may select, subject to Court approval, a bid as the highest or best for the applicable Oceangoing Vessel or Newbuild Contract (the "Successful Bid"), if any. The Qualified Bidder submitting the Successful Bid shall be the "Successful Bidder" or "Purchaser." In determining whether a bid is the Successful Bid for the applicable Oceangoing Vessel or Newbuild Contract, the Debtors may consider, without limitation, the likelihood that the Qualified Bidder will be able to expeditiously close the Sale and any other factor deemed relevant to the Debtors in evaluating the bid, in consultation with the Informal Committee, the Creditors' Committee and the applicable Secured Lender. As soon as practicable, the Debtors shall notify the Successful Bidder that it has been selected as the Successful Bidder, and within three (3) business days, the Successful Bidder shall provide a cash deposit in an amount equal to at least ten-percent (10%) of the purchase price for the applicable Oceangoing Vessel or Newbuild Contract, which must be in the form of a certified check or cash deposit, and the deposit shall be non-refundable in the event such bid is approved by the Court (except as otherwise provided in the Purchase Agreement or the Sale Procedures Order); *provided*, *however*, that a Secured Lender shall not be required to provide a deposit on any portion of its credit bid.

(i) **Sale Notice**. No less than seven (7) calendar days before the Objection Deadline (as defined below) for the applicable Sale of an Oceangoing Vessel, the Debtors shall serve a copy of the applicable Sale Notice on: (a) the United States Trustee; (b) counsel to the Informal Committee; (c) counsel to the Creditors' Committee; (d) the applicable Secured Lender and its counsel; (e) the United States Attorney's Office for the Southern District of New York; (f) all persons and entities known to have asserted a Lien on the applicable Oceangoing Vessel; (g) all parties that filed a notice of appearance in these Chapter 11 Cases; and (h) any additional person or entity entitled to notice under Local Rule 9013-1(b) (collectively, the "Sale Notice Parties"). The Sale Notice shall provide the following information for each Sale, among other things: (a) identification of the Oceangoing Vessel being sold; (b) identification of the Oceangoing Vessel Owner that directly owns such Oceangoing Vessel; (c) identification of the Purchaser of the Oceangoing Vessel, any relationship of that party with the Debtors (if any) (including whether the Purchaser is directly or indirectly owned or controlled by any of the Debtors' current or former shareholders, officers, directors or employees), and confirmation that the Purchaser

10

negotiated and entered into the applicable Purchase Agreement on an arms'-length basis with advice of counsel; (d) the purchase price and terms of payment to be paid by the Purchaser; (e) the material terms of the sale agreement; (f) a copy of the sale agreement evidencing the Sale, if available; (g) the material terms of any marketing or sales process undertaken with respect to the applicable Oceangoing Vessel, including any Broker Commission to be paid to the Broker in connection with the Sale and Bid Protections, if any; (h) a statement regarding any known Liens against or with respect to the applicable Oceangoing Vessel; (i) the identities of any known parties holding or asserting Liens against or with respect to the relevant Oceangoing Vessel; (j) a statement regarding whether the Debtors seek relief under Bankruptcy Code sections 363(f) or 363(m) in connection with the applicable Sale and, if so, a statement that all Liens on or against the applicable Oceangoing Vessel and related assets being sold shall attach to the consideration received by the Debtors under the Purchase Agreement, with the same force, validity, priority and effect as they currently exist; (k) the Objection Deadline (as defined below) for the applicable Sale; and (l) the date, time, and place of the Sale Hearing (as defined below) in the event an objection to the Sale is timely filed and served on the Objection Notice Parties (as defined below).

(j) **Assignment Notice.** No less than seven (7) calendar days before the Objection Deadline (as defined below) for the assignment of a Newbuild Contract, the Debtors shall serve a copy of the applicable Assignment Notice on: (a) the United States Trustee; (b) counsel to the Informal Committee; (c) counsel to the Creditors' Committee; (d) the applicable Secured Lender and its counsel; (e) the United States Attorney's Office for the Southern District of New York; (f) all persons and entities known to have asserted a Lien on the applicable Newbuild Contract; (g) all counterparties to the applicable Newbuild Contract; (h) all parties that filed a notice of appearance in these Chapter 11 Cases; and (i) any additional person or entity entitled to notice under Local Rule 9013-1(b) (collectively, the "Assignment Notice Parties"). The Assignment Notice shall provide the following information for each Sale: (a) identification of the Newbuild Contract being sold; (b) identification of the Debtor that is party to the Newbuild Contract; (c) identification of the Purchaser of the Newbuild Contract, any relationship of that party with the Debtors (if any) (including whether the Purchaser is directly or indirectly owned or controlled by any of the Debtors' current or former shareholders, officers, directors or employees), and confirmation that the Purchaser negotiated and entered into the applicable Purchase Agreement on an arms'-length basis with advice of counsel; (d) the purchase price and terms of payment to be paid by the Purchaser; (e) the proposed amount (the "Cure

11

<div style="margin-left: 2em;">

Amount") necessary to cure any default under the relevant Newbuild Contract pursuant to section 365 of the Bankruptcy Code; (f) a statement as to the Purchaser's ability to perform the obligations under the applicable Newbuild Contract; (g) the material terms of the assignment agreement; (h) a copy of the assignment agreement evidencing the Sale, if available; (i) the material terms of any marketing or sales process undertaken with respect to the applicable Newbuild Contract, including any Broker Commission to be paid to the Broker in connection with the Sale and Bid Protections, if any; (j) a statement regarding any known Liens against or with respect to the applicable Newbuild Contract or the vessel to be constructed pursuant to same; (k) the identities of any known parties holding or asserting Liens against or with respect to the relevant Newbuild Contract or the vessel to be constructed pursuant to same; (l) a statement regarding whether the Debtors seek relief under Bankruptcy Code sections 363(f) or 363(m) in connection with the applicable Sale and, if so, a statement that all Liens on or against the applicable Newbuild Contract and related assets being sold shall attach to the consideration received by the Debtors under the Purchase Agreement, with the same force, validity, priority and effect as they currently exist; (m) the Objection Deadline (as defined below) for the applicable Sale; and (n) the date, time, and place of the Sale Hearing (as defined below) in the event an objection to the Sale is timely filed and served on the Objection Notice Parties (as defined below).

</div>

(k) **Proposed Sale Order**. The Debtors shall attach to each Sale Notice or Assignment Notice, as applicable, a proposed form of Sale Order for the Sale of the applicable Oceangoing Vessel or Newbuild Contract.

(l) **Supplemental Declarations**. The Debtors shall attach to each Sale Notice or Assignment Notice, as applicable, (a) a supplemental declaration from the Broker in support of the Sale describing the marketing efforts undertaken by the Broker and explaining the reasons why the Successful Bid is the highest or best Qualified Bid and (b) a declaration from an officer of the Debtors containing factual support sufficient for the Court to find that: (i) the Sale constitutes a prudent exercise of the Debtors' business judgment; (ii) the Sale may be consummated free and clear of all Liens under section 363(f) of the Bankruptcy Code; (iii) the Purchaser is a good faith purchaser entitled to the protections of section 363(m) of the Bankruptcy Code; and (iv) for Newbuild Contracts only, the Purchaser has the wherewithal to perform under the applicable Newbuild Contract.

(m) **Objection Deadline**. Objections, if any, to a Sale (including objections to any Cure Amount listed in an Assignment Notice) must be filed with this

12

Court and served on: (a) counsel for the Debtors; (b) the United States Trustee; (c) counsel to the Informal Committee; (d) counsel to the Creditors' Committee; (e) the applicable Secured Lender and its counsel; and (f) all parties that filed a notice of appearance in these Chapter 11 Cases (collectively, the "Objection Notice Parties") so as to be **actually received** on or before the date that is seven (7) calendar days following the date that the applicable Sale Notice or Assignment Notice is filed with the Bankruptcy Court and served on the Sale Notice Parties or Assignment Notice Parties, as applicable (the "Objection Deadline"). If no written objection is filed with the Court and served on the Objection Notice Parties on or before the Objection Deadline, the Sale Order for the applicable Sale may be entered by the Court without the need for a Sale Hearing (as defined below).

(n) **As Is, Where Is**. The Sale of the Oceangoing Vessels and Sale (or assignment) of the Newbuild Contracts pursuant to these Sale Procedures shall be on an "as is, where is" basis and without representations or warranties of any kind, nature, or description by the Debtors, their agents or their estates, except as provided in any agreement with respect to the Sale approved by the Court.

(o) **Sale Hearing.** In the event an objection to a Sale is filed and served so as to be received by the Objection Notice Parties on or before the Objection Deadline, a hearing to consider the applicable Sale (the "Sale Hearing") shall be held at a date and time established by the Court and set forth in the applicable Sale Notice. At the Sale Hearing, the Debtors will seek entry of the Sale Order for the applicable Sale.

(p) **Use of Proceeds**. Each Sale Order will provide that all cash proceeds generated from the sale of any Oceangoing Vessel or Newbuild Contract shall be applied first, to satisfy payment of the Broker Commission, if any. The remaining proceeds shall (i) within three business days of receipt of such proceeds, be deposited directly into (x) the account identified for the relevant Oceangoing Vessel on Exhibit 1 to the Seventeenth Interim Cash Management Order, entered on March 9, 2018 [Docket No. 501] or (y) such other Debtor account identified by the applicable Secured Lender(s), and (ii) be used solely in accordance with the applicable Cash Collateral Order.

4. Any party that obtains information from the Debtors or the Broker regarding the Sale of any Oceangoing Vessel or Newbuild Contract (including, without

limitation any list of interested parties) shall use its reasonable best efforts to keep such information strictly confidential.

      5.      The Debtors (in consultation with the Informal Committee, the Creditors' Committee and the applicable Secured Lender) are authorized to extend the deadlines set forth in this Order or adjourn, continue or suspend the Sale Hearing, if any, for any reason, without further order of this Court, by filing a notice with this Court and serving such notice on all applicable Sale Notice Parties.

      6.      Notwithstanding the Court's approval of the Sale Procedures, the Debtors, in consultation with the Informal Committee, the Creditors' Committee and the applicable Secured Lender, may seek approval of an alternative transaction regarding an Oceangoing Vessel or Newbuild Contract, which may include negotiated bid protections with a prospective purchaser.

      7.      Notwithstanding the procedures for submitting a Qualified Bid, the Debtors may, in the exercise of their business judgment (and in consultation with the Informal Committee, the Creditors' Committee and the applicable Secured Lender), entertain bids that contain bid protections or do not conform to one or more of the requirements set forth in paragraph 3(d) hereof.

      8.      The Debtors and the Broker are authorized to take any and all actions necessary or appropriate to implement the Sale Procedures.

## **NOTICE**

      9.      The Notices substantially in the form attached hereto as Exhibit "1" and Exhibit "2" are hereby approved. The Assignment Notice shall substantially

conform to the Sale Notice except that the Assignment Notice shall contain (i) the Cure Amount, if any, for the applicable Newbuild Contract and (ii) a statement regarding the applicable Purchaser's ability to perform under the applicable Newbuild Contract.

10. The notice as set forth herein shall constitute good and sufficient notice of the Motion, the Sales, the Bid Deadline, the Objection Deadline, the Sale Hearing (if any) and the proposed Sale Orders, and no other or further notice of the Motion, the Sales, the Bid Deadline, the Objection Deadline, the Sale Hearing (if any) and the proposed Sale Orders shall be necessary or required.

### **OBJECTIONS TO THE SALES**

11. Only timely filed and served responses, objections, and other pleadings shall be considered by this Court at the Sale Hearing, if any.

12. The failure of any person or entity to file and serve an objection to the Motion so as to be **actually received** on or before the Objection Deadline shall forever bar any such objection to the Motion or the relief requested therein, or to the consummation of the Sale or to any portion of the Debtors' agreement with the Successful Bidder, including the transfer of the applicable Oceangoing Vessel(s) and Newbuild Contract(s) free and clear of Liens (with all Liens on or against the applicable Oceangoing Vessel or Newbuild Contract and related assets being sold attaching to the consideration received by the Debtors under the Purchase Agreement, with the same force, validity, priority and effect as they currently exist), other than permitted exceptions as expressly set forth in the applicable Purchase Agreement.

## **SALE HEARING**

13. In the event an objection to the Sale of one or more Oceangoing Vessels or Newbuild Contracts is filed and served in accordance with the Sale Procedures so as to be received on or before the applicable Objection Deadline, the Sale Hearing for the applicable Oceangoing Vessel(s) or Newbuild Contract(s) shall be held before the Honorable Shelley C. Chapman, United States Bankruptcy Judge for the Southern District of New York, on the date and time set forth in the applicable Sale Notice at the United States Bankruptcy Court, Courtroom 623, One Bowling Green, New York, New York 10004, at which time this Court shall consider: (i) approval of the Sale to the Successful Bidder; (ii) entry of the proposed Sale Order for the applicable Oceangoing Vessel or Newbuild Contract (each, a "Sale Order"); (iii) approval and payment of Broker Commissions payable to the Broker on account of the Sales; (iv) any other issues or objections that are timely interposed by any parties; and (v) the granting of such other or further relief as this Court deems just and proper. In the event no objection to the Sale of one or more Oceangoing Vessels or Newbuild Contracts is filed and served in accordance with the Sale Procedures so as to be received on or before the applicable Objection Deadline, the Court shall proceed to approve the Sale to the Successful Bidder(s) for such Oceangoing Vessel(s) or Newbuild Contract(s) without conducting a Sale Hearing regarding such Oceangoing Vessel(s) or Newbuild Contract(s).

## ADDITIONAL PROVISIONS

14. The form of Purchase Agreement is hereby approved as the form of purchase agreement to be used in soliciting bids for, and consummating the Sale of, each Oceangoing Vessel and Newbuild Contract.

15. The Debtors and the Broker are authorized and empowered to take such steps, incur and pay such costs and expenses, and do such things as may be reasonably necessary to fulfill the notice requirements established by this Order.

16. To the extent that there may be any inconsistency between the terms of the Motion or the Purchase Agreement, on the one hand, and this Order, on the other hand, the terms of this Order shall govern.

17. This Court shall retain jurisdiction over any matter or dispute arising from or relating to the implementation of this Order.

DATED:  New York, New York
         March 30, 2018

/S/ Shelley C. Cha pman
HONORABLE  SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE