UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
                                                           :
In re:                                                     :    Chapter 11
                                                           :
TOISA LIMITED, *et al.*,                                   :    Case No. 17-10184 (SCC)
                                                           :
                        Debtors.[1]                        :    (Jointly Administered)
                                                           :
-----------------------------------------------------------x

### ORDER EXPANDING THE RETENTION AND EMPLOYMENT OF H. CLARKSON & COMPANY LTD. AS SHIPBROKER FOR THE DEBTORS TO INCLUDE THE SALE OF OFFSHORE VESSELS *NUNC PRO TUNC* TO MAY 15, 2018

Upon the application of the Debtors' (the "Application")[2] for entry of an order (the "Order") pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rule 2014(a) and Local Rule 2014-1 expanding the scope of the Debtors' retention and employment of H. Clarkson & Company Limited ("Clarkson") as their shipbroker to include the Offshore Vessel Services[3] *nunc pro tunc* to May 15, 2018; and this Court having jurisdiction to consider the Application pursuant to 28 U.S.C. §§ 157

---

[1] The Debtors in these Chapter 11 Cases are as follows: Trade Prosperity, Inc.; Toisa Limited; United Courage, Inc.; Trade Vision, Inc.; United Journey, Inc.; United Kalavryta, Inc.; Trade Sky, Inc.; Trade Industrial Development Corporation; United Honor, Inc.; Trade Will, Inc.; United Leadership Inc.; United Seas, Inc.; United Dynamic, Inc.; United Emblem, Inc.; United Ideal Inc.; Trade Unity, Inc.; Trade Quest, Inc.; Trade Spirit, Inc.; Trade Resource, Inc.; United Ambassador, Inc.; Edgewater Offshore Shipping, Ltd.; United Banner, Inc.; Toisa Horizon, Inc.; and Trade and Transport Inc.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

[3] For the avoidance of doubt, Clarkson shall not perform Offshore Vessel Services for the *Sealion Amazonia*, and the *Sealion Amazonia* shall not be included in the definition of Vessels in the Offshore Vessel Brokerage Agreement.

and 1334; and venue of these Chapter 11 Cases and the Application in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that proper and adequate notice of the Application and the relief requested therein has been provided in accordance with the Bankruptcy Rules, Local Rules and any applicable orders entered in these Chapter 11 Cases, and no other or further notice is necessary; and any objections to the Application having been withdrawn or overruled on the merits; and upon the consideration of the Declaration of Jonathan Mine Fawthrop attached to the Application as Exhibit C (the "Fawthrop Declaration"); and this Court being satisfied based on the representations made in the Application and the Fawthrop Declaration that Clarkson does not hold or represent any interest adverse to the Debtors' estates with respect to the matters upon which Clarkson is to be employed, that Clarkson is a disinterested person as that term is defined under section 101(14) of the Bankruptcy Code, and that Clarkson's employment is necessary and is in the best interests of the Debtors and their estates; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT**:

1. The Application is **GRANTED** as set forth herein.

2. In accordance with sections 327(a) and 328(a) of the Bankruptcy Code, the Debtors are hereby authorized to retain and employ Clarkson as their broker on the terms set forth in the Offshore Vessel Brokerage Agreement attached to the Application as Exhibit B, effective *nunc pro tunc* to May 15, 2018.

3. Clarkson shall be compensated in the manner described in the Offshore Vessel Brokerage Agreement.

4. The Debtors shall notify the U.S. Trustee, counsel to each of the Debtors' prepetition secured lenders, and counsel to the Creditors' Committee of their intent to pay any Fee to Clarkson. The U.S. Trustee, the Creditors' Committee and each of the Debtors' prepetition secured lenders (including the Informal Committee) retain all rights to object to such payments on all grounds including but not limited to the reasonableness standard provided for in section 330 of the Bankruptcy Code. If none of these parties objects by 5:00 p.m. (ET) on the tenth (10th) business day after such notification, on the eleventh (11th) business day, the Debtors are authorized to pay such Fee or reimbursement as an administrative expense without further order of the Court. If a party objects to the Debtors' proposed payment, the matter shall be set for a hearing as soon as reasonably practicable thereafter.

5. All requests of Clarkson for payment of indemnity pursuant to the Offshore Vessel Brokerage Agreement shall be made by means of an application (interim or final as the case may be) filed with this Court and served upon each of the Debtors' secured lenders and all other parties in interest; *provided*, *however*, that in no event shall Clarkson be indemnified for any liability, loss, costs, or claim that is found by this Court to be the result of Clarkson's fraud or fraudulent misrepresentation, knowing or willful violation of law, willful misconduct, breach of fiduciary duty, self-dealing, bad faith or gross negligence. All parties' rights to object to any request of

Clarkson for payment of indemnity pursuant to the Offshore Vessel Brokerage Agreement shall be preserved.

6. Clarkson is hereby relieved of the obligation to maintain time records.

7. To the extent the Application or the Offshore Vessel Brokerage Agreement is inconsistent with this Order, the terms of this Order shall govern.

8. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

9. The requirements set forth in Local Rule 9013-1(b) are satisfied.

10. This Court shall retain exclusive jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Application, the Offshore Vessel Brokerage Agreement or the implementation of this Order.

DATED:  New York, New York
        June 25, 2018

/S/ Shelley C. Chapman
HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE