UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - x

In re:                                                :        Chapter 11
                                                      :
TOISA LIMITED, *et al.*,                              :        Case No. 17-10184 (SCC)
                                                      :
                Debtors.[1]                           :        (Jointly Administered)

- - - - - - - - - - - - - - - - - - - - - - - - - - - x

### ORDER APPROVING (A) PROCEDURES REGARDING THE SOLICITATION OF OFFERS IN CONNECTION WITH THE SALE OF CERTAIN OF THE DEBTORS' OFFSHORE VESSELS, SUBJECT TO BANKRUPTCY COURT APPROVAL, (B) THE FORM OF NOTICES REGARDING THE SALES AND (C) THE FORM OF PURCHASE AND SALE AGREEMENT

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in

possession (collectively, the "Debtors"), for entry of an order pursuant to sections

105(a), 363(b), 363(f), and 363(m) of Title 11 of the United States Code (the "Bankruptcy

Code"), Rules 2002, 6004, and 9006 of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules"), Rule 6004-1 of the Local Bankruptcy Rules of the United States

Bankruptcy Court for the Southern District of New York (the "Local Rules") and the

*Amended Guidelines for the Conduct of Asset Sales for the United States Bankruptcy Court for*

*the Southern District of New York* (the "Sale Guidelines") approving (i) procedures (the

"Sale Procedures") to be utilized in connection with the proposed sale or assignment, as

---

[1]    The Debtors in these chapter 11 cases are as follows:  Trade Prosperity, Inc.;  Toisa Limited;  United Courage, Inc.;  Trade Vision, Inc.;  United Journey, Inc.;  United Kalavryta, Inc.;  Trade Sky, Inc.;  Trade Industrial Development Corporation;  United Honor, Inc.;  Trade Will, Inc.;  United Leadership Inc.;  United Seas, Inc.;  United Dynamic, Inc.;  United Emblem, Inc.;  United Ideal Inc.;  Trade Unity, Inc.;  Trade Quest, Inc.;  Trade Spirit, Inc.;  Trade Resource, Inc.;  United Ambassador, Inc.;  Edgewater Offshore Shipping, Ltd.;  United Banner, Inc.;  Toisa Horizon, Inc.;  and Trade and Transport Inc.

[2]    Capitalized terms used but not defined herein shall have the meaning ascribed to such term in the Motion.

applicable (each, a "Sale" and, collectively, the "Sales"), of certain of the Debtors'

offshore vessels (collectively, the "Offshore Vessels") and (ii) the form of notices

regarding the Sales;  and this Court having found that proper and adequate notice of

the Motion and the relief requested therein (as related to the Sale Procedures aspects of

the Motion) has been provided in accordance with the Bankruptcy Rules, Local Rules,

and any applicable orders entered in these Chapter 11 Cases, and no other or further

notice is necessary;  and any objections to the aspects of the Motion relating to the Sale

Procedures having been withdrawn or overruled on the merits; and based on the

Motion, it appearing that the portion of the relief requested in the Motion relating to the

Sale Procedures is in the best interests of the Debtors' estates and all parties in interest;

and after due deliberation thereon and good cause appearing therefor, it is hereby:

**FOUND AND DETERMINED THAT:[3]**

A.    This Court has jurisdiction over the Motion and the relief requested

therein pursuant to 28 U.S.C. §§ 157 and 1334.  Consideration of the Motion and the

relief requested therein is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is

proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

B.    Good and sufficient notice of the relief sought in the Motion (as related to

the Sale Procedures) has been given and no other or further notice is required.  A

reasonable opportunity to object or be heard regarding the relief requested in the

Motion relating to the Sale Procedures has been afforded to all interested persons and

---

[3]    Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact, when appropriate.  *See* Fed. R. Bankr. P. 7052.

entities.  Specifically, as evidenced by the Affidavit of Service filed at Docket No. 643, a

copy of the Motion, with exhibits, was served on:  (a) the United States Trustee;

(b) counsel for the Informal Committee;  (c) the Debtors' Secured Lenders;  (d) counsel

for the Creditors' Committee;  (e) all parties in interest under Bankruptcy Rule 2002;

and (f) any other party entitled to notice pursuant to Local Bankruptcy Rule 9013-1(b)

and which has filed a notice of appearance in these Chapter 11 Cases.

C.      The proposed form and method of notice of the Sales, the Sale Procedures,

the Bid Deadline, the Objection Deadline and the Sale Hearing (if any), as set forth in

the Motion, is good, appropriate, sufficient and is reasonably calculated to provide all

interested parties with timely and proper notice of the Sales, the Sale Procedures, the

Bid Deadline, the Objection Deadline and the Sale Hearing (if any), and no other or

further notice of the Sales, the Sale Procedures, the Bid Deadline, the Objection Deadline

and the Sale Hearing (if any) is required.

D.      The Debtors have articulated good and sufficient cause for this Court to

grant the relief requested in the Motion relating to the Sale Procedures, including this

Court's (i) approval of the Sale Procedures set forth herein;  and (ii) approval of the

form and manner of service of the Bidding Notice, substantially in the form attached

hereto as Exhibit "1" and the Sale Notice, substantially in the form attached hereto as

Exhibit "2" (collectively, the "Notices").

E.      The Debtors have articulated good and sufficient cause for, and that the

best interests of the Debtors' estates will be served by, this Court scheduling a

subsequent hearing to consider whether to grant the remainder of the relief requested in

the Motion, including approval of (i) the proposed Sales, in accordance with the

3

applicable Purchase Agreement for the applicable Offshore Vessel by and between the

applicable Offshore Vessel Owner and the applicable Successful Bidder free and clear

of, liens, claims, encumbrances and other interests (collectively, "Liens"), with all Liens

on or against the applicable Offshore Vessel and related assets being sold attaching to

the consideration received by the Debtors under the Purchase Agreement, with the

same force, validity, priority and effect as they currently exist, pursuant to section 363(f)

of the Bankruptcy Code, as well as (ii) payment of the Broker Commission(s), if any,

from the proceeds of the applicable Sale(s) pursuant to the applicable Sale Order(s).

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED**

**THAT:**

1.      The Motion is GRANTED solely to the extent provided in this Order.

2.      All objections to entry of this Order or to the relief provided herein that

have not been withdrawn, waived, resolved, or settled are hereby denied and overruled

in their entirety.

**THE SALE PROCEDURES**

3.      The below Sale Procedures, which are approved in all respects, shall be

utilized for the Sale of Offshore Vessels:

> (a) **Bidding Notice**. The Broker shall serve a copy of each Bidding Notice on:
> (a) the United States Trustee; (b) counsel to the Informal Committee;
> (c) counsel to the Creditors' Committee; (d) the applicable Secured Lender
> and its counsel; (e) the United States Attorney's Office for the Southern
> District of New York; (f) all persons and entities known to have asserted a
> Lien on the applicable Offshore Vessel; (g) all parties that filed a notice of
> appearance in these Chapter 11 Cases; (h) all persons and entities that have
> expressed an interest in acquiring the Offshore Vessel (or that the Broker
> anticipates might have such an interest); (i) any vendor of the Debtors or
> the Managing Agent that has an outstanding account receivable for the
> provision of goods or services in connection with the applicable Offshore

Vessel; and (j) any additional person or entity entitled to notice under Local Rule 9013-1(b) (collectively, the "Bidding Notice Parties") at least fourteen (14) calendar days prior to the Inspection Date (as defined below) for the applicable Offshore Vessel. The Bidding Notice shall contain the following information for each Offshore Vessel: (i) a description of the Offshore Vessel; (ii) the date, time and place where the Offshore Vessel may be inspected by interested bidders; (iii) the procedures for obtaining access to the Data Room; (iv) the deadline to submit a bid for the Offshore Vessel (for each Offshore Vessel, the "Bid Deadline"); and (v) the requirements for such bid to constitute a "Qualified Bid" (as defined below). The Broker may, in its sole discretion, publish a copy of all or a portion of the Bidding Notices in one or more appropriate publications. The Broker may, in its discretion, and in consultation with the Debtors, the Creditors' Committee, the Informal Committee and the applicable Secured Lender, transmit, publish, or otherwise disseminate additional notices, advertisements or other communications to solicit offers for all or a portion of the Offshore Vessels.

(b) **Inspections**. Each Offshore Vessel sold pursuant to these Sale Procedures must be available for inspection for at least two (2) consecutive days (the last such day shall be referred to as the "Inspection Date"). The Debtors shall use their reasonable best efforts to obtain the cooperation of the Managing Agent[4] to ensure that timely access (including for inspection purposes) and accurate information is provided to the Debtors and prospective purchasers of each of the Offshore Vessels. The Debtors shall provide updates to the Informal Committee, the Creditors' Committee and the applicable Secured Lender regarding the status of each inspection upon reasonable request and, in the event the Debtors fail to obtain the cooperation of the Managing Agent as set forth above, immediately upon learning of such failure.

(c) **Qualified Bidders**. In order to be considered a potential Purchaser (as defined below) of an Offshore Vessel, a bidder must first deliver to the Debtors a Qualified Bid (as defined below). A bidder that delivers a Qualified Bid shall be referred to herein as a "Qualified Bidder." Each Secured Lender shall be deemed a "Qualified Bidder" without satisfying any of the requirements in paragraph (d) below in respect of the Offshore Vessel(s) for which such Secured Lender provided financing.

---

[4]    The Debtors' Managing Agents include Sealion Do Brasil Navegação Ltda and Sealion Shipping, Ltd. (collectively, the "Managing Agents").

(d) **Qualified Bid**. A qualified bid for an Offshore Vessel(s)[5] (a "Qualified Bid") must (i) be irrevocable through the earlier of the closing date for the applicable Sale (the "Closing Date") and ten (10) days after the entry of the applicable Sale Order; provided, however, that if the Qualified Bid becomes the Successful Bid (as defined below), such bid shall be irrevocable through the Closing Date or such earlier date as the applicable Purchase Agreement may be terminated in accordance with its terms; (ii) be submitted to counsel for the Debtors, Togut, Segal & Segal LLP, One Penn Plaza, Suite 3335, New York, NY 10119, Attn: Frank A. Oswald, Esq. and Kyle J. Ortiz, Esq.[6] and the Broker, Clarksons Platou Shipbroking, Commodity Quay, St. Katherine Docks, London, E1W 1BF, United Kingdom, prior to the applicable Bid Deadline; and (iii) satisfy the following requirements:

(1) The bid must be in writing in a form substantially similar to the Purchase Agreement marked to show any changes made thereto, which changes shall be no less favorable to the seller as those set forth in the Purchase Agreement;

(2) To the extent an Offshore Vessel is subject to a charter agreement, the bid for such Offshore Vessel must indicate whether the bidder intends to purchase such Offshore Vessel subject to, or free and clear of, the applicable charter agreement;

(3) The Debtors may, in their discretion (and in consultation with the Informal Committee, the Creditors' Committee and the applicable Secured Lender), request evidence demonstrating the bidder's financial ability to timely consummate the purchase of the applicable Offshore Vessel(s), and a binding, unconditional commitment letter for financing, if applicable;

(4) The bid must disclose the identity of the entity or entities bidding for the applicable Offshore Vessel(s) or otherwise participating in such bid;[7] and

---

[5]   In the event a potential bidder seeks to bid on multiple Offshore Vessels "en bloc," such bidder shall allocate the purchase price for each such Offshore Vessel that forms such bidder's bloc bid, and each Offshore Vessel shall be the subject of a separate Purchase Agreement that, upon execution and subject to Bankruptcy Court approval, is binding and enforceable against such bidder and the seller.

[6]   Upon receipt of a bid the Debtors shall promptly share such bid with the Informal Committee, the Creditors' Committee and the applicable Secured Lender(s).

[7]   The Debtors (in consultation with the Informal Committee, the Creditors' Committee and the applicable Secured Lender) may, in their discretion, request additional information from any bidder (including, for the avoidance of doubt, a Secured Lender making a credit bid) regarding the identity of such bidder and the relationship such bidder may have with parties in interest in these Chapter 11 Cases or any other bidder for the Offshore Vessel(s).

(5) The bid must be firm and unconditional, on an as-is, where-is basis, and not subject to any financing or other contingencies.

(e) **Bid Deadline**. All bids for the applicable Offshore Vessel must be received by the Debtors by the deadline stated in the applicable Bidding Notice (each, a "Bid Deadline"). The Bid Deadline shall be at least seven (7) calendar days after the Inspection Date for the applicable Offshore Vessel. Upon expiration of the applicable Bid Deadline, the Debtors shall transmit a copy of all bids received for the applicable Offshore Vessel to: (i) counsel for the Informal Committee; (ii) counsel for the Creditors' Committee; and (iii) the applicable Secured Lender and its counsel.

(f) **Credit Bid**. On or before the date that is seven (7) business days following the expiration of the Bid Deadline for the applicable Offshore Vessel (the "Credit Bid Deadline"), the applicable Secured Lender, or its assignee, shall be permitted, in accordance with the terms of the Cash Collateral Orders, to submit a credit bid under section 363(k) of the Bankruptcy Code for the Offshore Vessel on which it has a Lien in any amount up to the aggregate amount of its Claim[8] against the relevant selling Offshore Vessel Owner. For the avoidance of doubt, a Secured Lender shall be permitted to submit a bid with cash and credit components and the credit component shall constitute the equivalent of cash for the purposes of evaluating bids. Once a Secured Lender submits a credit bid, it shall no longer be entitled to consultation rights with respect to the applicable Sale of its Offshore Vessel. Any rights that the Debtors, Secured Lenders, or the Creditors' Committee (as applicable) may have to object to the Debtors' selection of Successful Bid(s) or to object to the consummation of the sale transaction represented by such bid are preserved. The Debtors and the Creditors' Committee acknowledge and agree that they shall not object to a Secured Lender's credit bid submitted in accordance with section 363(k) of the Bankruptcy Code or the consummation of the sale transaction represented by such credit bid.

(g) **Procedures for Handling Multiple Qualified Bids**. In the event multiple Qualified Bids (including any credit bid submitted in accordance with

---

[8] A Secured Lender's "Claim" as used in these Sale Procedures is inclusive of any unpaid principal and interest (including as applicable default interest) and fees, costs, legal expenses and other amounts that are owing to such Secured Lender in accordance with the Bankruptcy Code and applicable bankruptcy and non-bankruptcy law, and the terms of the relevant Prepetition Facility Document (as such term is defined in the "Informal Committee Cash Collateral Order", entered on July 18, 2017 [Docket No. 246]) or Offshore Vessel Facility Document (as such term is defined in the "Credit Agricole Corporate and Investment Bank Cash Collateral Order," entered on March 29, 2017 [Docket No. 91]). The Informal Committee Cash Collateral Order and the Credit Agricole Corporate and Investment Bank Cash Collateral Order, as they may be amended or extended from time to time, are collectively referred to herein as the "Cash Collateral Orders."

subsection (f) above) for the same Offshore Vessel are received on or before the Bid Deadline or the Credit Bid Deadline, as applicable, the Broker shall be authorized to contact such Qualified Bidders to induce such bidders to increase their bid, as directed by the Debtors (the "Sale Process"). The Broker shall regularly update the Debtors, the Informal Committee, the Creditors' Committee and the applicable Secured Lender regarding the Sale Process, including the amount and status of overbids (if any) (unless the applicable Secured Lender has submitted a credit bid for an Offshore Vessel, in which case it shall not receive updates except (i) as provided to other bidders for the applicable Offshore Vessel and (ii) to notify the applicable Secured Lender of any material changes to the Purchase Agreement).

(h) **Successful Bid**. Following the expiration of the Credit Bid Deadline and conclusion of the Sale Process, if any, described in subsection (g) above, for each Offshore Vessel, the Debtors, with the consent of the applicable Secured Lender, and in consultation with the Informal Committee and the Creditors' Committee, may select, subject to Court approval, a bid as the highest or best bid for the applicable Offshore Vessel (the "Successful Bid"), if any. The Qualified Bidder submitting the Successful Bid shall be the "Successful Bidder" or "Purchaser." In determining whether a bid is the Successful Bid for the applicable Offshore Vessel, the Debtors may consider, without limitation, the likelihood that the Qualified Bidder will be able to expeditiously close the Sale and any other factor deemed relevant to the Debtors in evaluating the bid, in consultation with the Informal Committee, the Creditors' Committee and the applicable Secured Lender. As soon as practicable, the Debtors shall notify the Successful Bidder that it has been selected as the Successful Bidder, and within three (3) business days of such notice, the Successful Bidder shall provide a cash deposit in an amount equal to at least ten-percent (10%) of the purchase price for the applicable Offshore Vessel, which must be in the form of a certified check or cash deposit, and the deposit shall be non-refundable in the event such bid is approved by the Court (except as otherwise provided in the Purchase Agreement or the Sale Procedures Order); *provided, however*, that a Secured Lender shall not be required to provide a deposit on any portion of its credit bid.

(i) **Sale Notice**. No less than seven (7) calendar days before the Objection Deadline (as defined below) for the applicable Sale of an Offshore Vessel, the Debtors shall serve a copy of the applicable Sale Notice on: (a) the United States Trustee; (b) counsel to the Informal Committee; (c) counsel to the Creditors' Committee; (d) the applicable Secured Lender and its counsel; (e) the United States Attorney's Office for the Southern District of New York; (f) all persons and entities known to have asserted a Lien on the applicable Offshore Vessel; (g) all parties that filed a notice of appearance

in these Chapter 11 Cases; and (h) any additional person or entity entitled to notice under Local Rule 9013-1(b) (collectively, the "Sale Notice Parties"). The Sale Notice shall provide the following information for each Sale, among other things: (a) identification of the Offshore Vessel being sold; (b) identification of the Offshore Vessel Owner that directly owns such Offshore Vessel; (c) identification of the Purchaser of the Offshore Vessel, any relationship of that party with the Debtors (if any) (including whether the Purchaser is directly or indirectly owned or controlled by any of the Debtors' current or former shareholders, officers, directors or employees), and confirmation that the Purchaser negotiated and entered into the applicable Purchase Agreement on an arms'-length basis with advice of counsel; (d) the purchase price and terms of payment to be paid by the Purchaser; (e) the material terms of the sale agreement; (f) a copy of the sale agreement evidencing the Sale, if available; (g) the material terms of any marketing or sales process undertaken with respect to the applicable Offshore Vessel, including any Broker Commission to be paid to the Broker in connection with the Sale and Bid Protections, if any; (h) a statement regarding any known Liens against or with respect to the applicable Offshore Vessel; (i) the identities of any known parties holding or asserting Liens against or with respect to the relevant Offshore Vessel; (j) a statement regarding whether the Debtors seek relief under Bankruptcy Code sections 363(f) or 363(m) in connection with the applicable Sale and, if so, a statement that all Liens on or against the applicable Offshore Vessel and related assets being sold shall attach to the consideration received by the Debtors under the Purchase Agreement, with the same force, validity, priority and effect as they currently exist; (k) the Objection Deadline (as defined below) for the applicable Sale; and (l) the date, time, and place of the Sale Hearing (as defined below) in the event an objection to the Sale is timely filed and served on the Objection Notice Parties (as defined below).

(j) **Proposed Sale Order**. The Debtors shall attach to each Sale Notice or Assignment Notice, as applicable, a proposed form of Sale Order for the Sale of the applicable Offshore Vessel.

(k) **Supplemental Declarations**. The Debtors shall attach to each Sale Notice, as applicable, (a) a supplemental declaration from the Broker in support of the Sale describing the marketing efforts undertaken by the Broker and explaining the reasons why the Successful Bid is the highest or best Qualified Bid and (b) a declaration from an officer of the Debtors containing factual support sufficient for the Court to find that: (i) the Sale constitutes a prudent exercise of the Debtors' business judgment; (ii) the Sale may be consummated free and clear of all Liens under section 363(f) of the Bankruptcy Code; and (iii) the Purchaser is a good faith purchaser entitled to the protections of section 363(m) of the Bankruptcy Code.

(l) **Objection Deadline**.  Objections, if any, to a Sale must be filed with this Court and served on: (a) counsel for the Debtors;  (b) the United States Trustee;  (c) counsel to the Informal Committee;  (d) counsel to the Creditors' Committee;  (e) the applicable Secured Lender and its counsel; and (f) all parties that filed a notice of appearance in these Chapter 11 Cases (collectively, the "Objection Notice Parties") so as to be **actually received** on or before the date that is seven (7) calendar days following the date that the applicable Sale Notice is filed with the Bankruptcy Court and served on the Sale Notice Parties (the "Objection Deadline").  If no written objection is filed with the Court and served on the Objection Notice Parties on or before the Objection Deadline, the Sale Order for the applicable Sale may be entered by the Court without the need for a Sale Hearing (as defined below).

(m) **As Is, Where Is**.  The Sale of the Offshore Vessels pursuant to these Sale Procedures shall be on an "as is, where is" basis and without representations or warranties of any kind, nature, or description by the Debtors, their agents or their estates, except as provided in any agreement with respect to the Sale approved by the Court.

(n) **Sale Hearing.**  In the event an objection to a Sale is filed and served so as to be received by the Objection Notice Parties on or before the Objection Deadline, a hearing to consider the applicable Sale (the "Sale Hearing") shall be held at a date and time established by the Court and set forth in the applicable Sale Notice.  At the Sale Hearing, the Debtors will seek entry of the Sale Order for the applicable Sale.

(o) **Use of Proceeds**.  Each Sale Order will provide that all cash proceeds generated from the sale of any Offshore Vessel shall be applied first, to satisfy payment of the Broker Commission, if any, and the remaining proceeds (including any cash deposit made by the Purchaser) generated from the Sale shall be (i) deposited directly into the relevant vessel account for the applicable Secured Lender and (ii) used solely in accordance with the applicable Cash Collateral Order; provided, however, that notwithstanding the terms of the applicable Cash Collateral Order, the applicable Secured Lender shall apply such cash proceeds and any other cash in the vessel account to permanently reduce the outstanding principal amount of the prepetition obligations owed to the applicable Secured Lender in accordance with a closing memorandum (the "Closing Memorandum") to be delivered by the Debtors to the applicable Secured Lender as soon as reasonably practicable prior to the expected Closing Date, but in no event later than five (5) business days prior to the expected Closing Date, and agreed between the applicable Secured Lender and the Debtors (in consultation with the Informal Committee and the Creditors' Committee) in accordance with the terms of the applicable Sale Order.  In

the event that no such agreement regarding the Closing Memorandum is reached prior to the Closing Date, only the portion of the cash proceeds relating to disputed payments or reserves (the "Disputed Amounts") shall continue to be held in the relevant vessel account for the applicable Secured Lender in accordance with the applicable Cash Collateral Order, and upon the closing of the Sale the remainder of the cash proceeds and any other cash in the relevant vessel account for the applicable Secured Lender shall be applied to permanently reduce the outstanding principal amount of the prepetition obligations owed to the applicable Secured Lender.. If the Debtors and the applicable Secured Lender are unable to resolve their dispute with respect to the payment of, or reserve for, the Disputed Amounts within fourteen (14) days from the Closing Date, the Debtors shall file with this Court and serve upon the applicable Secured Lender a motion, on at least ten (10) days' prior written notice to the applicable Secured Lender of any hearing on such motion, requesting authority to pay or reserve for such Disputed Amounts from the cash proceeds of the Sale, and no disbursements of the Disputed Amounts from the relevant vessel account for the applicable Secured Lender shall be made without further order of this Court. All of the applicable Secured Lender's rights to object to any such motion are reserved. If the Debtors do not file a motion within fourteen (14) days from the Closing Date, the Disputed Amounts shall be applied to permanently reduce the outstanding principal amount of the prepetition obligations owed to the applicable Secured Lender.. The Debtors shall work in good faith with their advisors to timely prepare the Closing Memorandum prior to the closing of each Sale.

4.      Any party that obtains information from the Debtors or the Broker regarding the Sale of any Offshore Vessel (including, without limitation any list of interested parties) shall use its reasonable best efforts to keep such information strictly confidential.

5.      The Debtors (in consultation with the Informal Committee, the Creditors' Committee and the applicable Secured Lender) are authorized to extend the deadlines set forth in this Order or adjourn, continue or suspend the Sale Hearing, if any, for any reason, without further order of this Court, by filing a notice with this Court and serving such notice on all applicable Sale Notice Parties.

6.      All Offshore Vessels included in the definition of "Vessel" in the Offshore
Vessel Brokerage Agreement shall be marketed by the Broker pursuant to the Sale
Procedures set forth herein and in accordance with the terms and conditions set forth in
the Offshore Vessel Brokerage Agreement.  Solely with the prior written consent of the
applicable Secured Lender, the applicable Offshore Vessel Owner may add Offshore
Vessels to the definition of "Vessel" in the Offshore Vessel Brokerage Agreement by
providing written notice to the Broker of such additional ships.  Each Secured Lender
may direct in its sole and absolute discretion the applicable Offshore Vessel Owner to
add one or more Offshore Vessels to the definition of "Vessel" in the Offshore Vessel
Brokerage Agreement by providing written notice to the Broker of such additional
Offshore Vessels.

7.      Notwithstanding the Court's approval of the Sale Procedures, the Debtors
with the consent of the applicable Secured Lender and in consultation with the Informal
Committee and the Creditors' Committee may seek approval of an alternative
transaction regarding an Offshore Vessel, which may include negotiated bid protections
with a prospective purchaser if the Debtors in their business judgment and after
consultation with the Informal Committee, the Creditors' Committee, and the
applicable Secured Lender deem it appropriate to include such bid protections.  The
Debtors are authorized to provide such bid protections without further Order of this
Court.

8.      Notwithstanding the procedures for submitting a Qualified Bid, the
Debtors may, in the exercise of their business judgment (and in consultation with the
Informal Committee, the Creditors' Committee, and the applicable Secured Lender),

12

entertain bids that contain bid protections or do not conform to one or more of the requirements set forth in paragraph 3(d) hereof.

9.      The Debtors and the Broker are authorized to take any and all actions necessary or appropriate to implement the Sale Procedures.

## NOTICE

10.     The Notices substantially in the form attached hereto as Exhibit "1" and Exhibit "2" are hereby approved.

11.     The notice as set forth herein shall constitute good and sufficient notice of the Motion, the Sales, the Bid Deadline, the Objection Deadline, the Sale Hearing (if any), and the proposed Sale Orders, and no other or further notice of the Motion, the Sales, the Bid Deadline, the Objection Deadline, the Sale Hearing (if any), and the proposed Sale Orders shall be necessary or required.

## OBJECTIONS TO THE SALES

12.     Only timely filed and served responses, objections, and other pleadings shall be considered by this Court at the Sale Hearing, if any.

13.     The failure of any person or entity to file and serve an objection to the Motion so as to be **actually received** on or before the Objection Deadline shall forever bar any such objection to the Motion or the relief requested therein, or to the consummation of the Sale or to any portion of the Debtors' agreement with the Successful Bidder, including the transfer of the applicable Offshore Vessel(s) free and clear of Liens (with all Liens on or against the applicable Offshore Vessel and related assets being sold attaching to the consideration received by the Debtors under the Purchase Agreement, with the same force, validity, priority and effect as they currently

13

exist), other than permitted exceptions as expressly set forth in the applicable Purchase

Agreement.

## SALE HEARING

14.    In the event an objection to the Sale of one or more Offshore Vessels is

filed and served in accordance with the Sale Procedures so as to be received on or

before the applicable Objection Deadline, the Sale Hearing for the applicable Offshore

Vessel(s) shall be held before the Honorable Shelley C. Chapman, United States

Bankruptcy Judge for the Southern District of New York, on the date and time set forth

in the applicable Sale Notice at the United States Bankruptcy Court, Courtroom 623,

One Bowling Green, New York, New York 10004, at which time this Court shall

consider:  (i) approval of the Sale to the Successful Bidder;  (ii) entry of the proposed

Sale Order for the applicable Offshore Vessel (each, a "Sale Order");  (iii) approval and

payment of Broker Commissions payable to the Broker on account of the Sales;  (iv) any

other issues or objections that are timely interposed by any parties;  and (v) the granting

of such other or further relief as this Court deems just and proper.  In the event no

objection to the Sale of one or more Offshore Vessels is filed and served in accordance

with the Sale Procedures so as to be received on or before the applicable Objection

Deadline, the Court shall consider approval of the Sale to the Successful Bidder(s) for

such Offshore Vessel(s) without conducting a Sale Hearing regarding such Offshore

Vessel(s).

## ADDITIONAL PROVISIONS

15.     The form of Purchase Agreement is hereby approved as the form of purchase agreement to be used in soliciting bids for, and consummating the Sale of, each Offshore Vessel.

16.     The Debtors and the Broker are authorized and empowered to take such steps, incur and pay such costs and expenses, and do such things as may be reasonably necessary to fulfill the notice requirements established by this Order.

17.     For the avoidance of doubt, and notwithstanding anything herein or in the Motion to the contrary, the terms and provisions of this Order shall not apply to the vessel *Sealion Amazonia* owned by nondebtor Sealion Do Brasil Navegação Ltda, and the term Offshore Vessels as used herein shall not include or be deemed to include the *Sealion Amazonia*.

18.     To the extent that there may be any inconsistency between the terms of the Motion or the Purchase Agreement, on the one hand, and this Order, on the other hand, the terms of this Order shall govern.

19.     This Court shall retain jurisdiction over any matter or dispute arising from or relating to the implementation of this Order.


DATED:  New York, New York
            July 3, 2018


                            /S/ Shelley C. Chapman
                            HONORABLE  SHELLEY C. CHAPMAN
                            UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT "1"

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                            :
In re:                                                      :   Chapter 11
                                                            :
TOISA LIMITED, *et al.*,                                    :   Case No. 17-10184 (SCC)
                                                            :
                          Debtors.                          :   (Jointly Administered)
                                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**H Clarkson & Co. Ltd. has been appointed by the
United States Bankruptcy Court for the Southern District of New York
as exclusive Sellers broker to develop for sale the following Vessel**

*[Vessel(s) description]*

**Inspection positions and dates: [Vessel]** will be available for inspection at [location] between xth and xth of [month] inclusive.  Following completion of inspection, offers will then be invited [5-7] business days later.  Parties may obtain access to the virtual data room for the Vessel by contacting H. Clarkson and Co. Ltd. as set forth below.  Please note that any inspection provided in the data room is a third party report and is provided for the convenience of interested bidders.  No representations or warranties regarding the Vessel are being made, and the Vessel will be sold on an "**as is, where is**" basis.

All Offers must be submitted to:  (i) counsel for Seller, Togut, Segal & Segal LLP,  One Penn Plaza, Suite 3335, New York, New York 10119 (Attn:  Frank A. Oswald, Esq. and Kyle J. Ortiz, Esq.);  and (ii) H Clarkson and Co. Ltd., Commodity Quay, St Katharine Docks, London. E1W 1BF on or before 1800 hrs London Time on _____ __, 2018.  All bids for the Vessel must comply with the following:

1.  The bid must be in writing in a form substantially similar to the Purchase Agreement (a copy of which may be obtained by contacting H. Clarkson and Co. Ltd. as set forth below) marked to show any changes made thereto, which changes shall be no less favorable to the seller as those set forth in the Purchase Agreement;

2.  The bid must indicate whether the bidder intends to purchase the Vessel subject to, or free and clear of, the applicable charter agreement (a copy of which may be obtained by contacting H. Clarkson and Co. Ltd. as set forth below);

3.  The Debtors may, in their discretion, request additional information from the relevant bidder regarding its wherewithal to consummate a transaction for the Vessel, including a binding, unconditional commitment letter for financing, if applicable;

4.  The bid must disclose the identity of the entity or entities bidding for the Vessel or otherwise participating in such bid;  and

5.  The bid must be firm and unconditional, on an as-is, where-is basis, and not subject to any financing or other contingencies.

**Interested parties should make the necessary application to (all details given in good faith and for information only, without guarantee/prejudice):**
     **H Clarkson and Co. Ltd.,**
     Commodity Quay, St Katharine Docks, London. E1W 1BF
     Email: rtoisa.offshore@clarksons.com Telephone: (44)2073345444

# EXHIBIT "2"

TOGUT, SEGAL & SEGAL LLP
One Penn Plaza
Suite 3335
New York, New York 10119
(212) 594-5000
Albert Togut
Frank A. Oswald
Brian F. Moore

*Counsel to the Debtors and*
*Debtors in Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                :
In re:                 :    Chapter 11
                :
TOISA LIMITED, *et al.*,      :    Case No. 17-10184 (SCC)
                :
        Debtors.[1]    :    (Jointly Administered)
                :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## NOTICE OF: (I) SELECTION OF SUCCESSFUL BID AND PROPOSED SALE OF _____; (II) FILING OF DECLARATION OF [JONATHAN MINON FAWTHROP] IN SUPPORT OF THE SALE; (III) FILING OF DECLARATION OF JONATHAN MITCHELL IN SUPPORT OF THE SALE; AND (IV) FILING OF PROPOSED SALE ORDER

**PLEASE TAKE NOTICE** that, on January 29, 2017 (the "Petition Date"), Toisa Limited ("Toisa") and certain of its affiliates (each a "Debtor," and collectively, the "Debtors") commenced voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

**PLEASE TAKE FURTHER NOTICE** that, on _____, 2018, the Bankruptcy Court entered the *Order Approving (A) Procedures Regarding the Solicitation of Offers in Connection with the Sale of Certain of the Debtors' Offshore Vessels, Subject to Bankruptcy Court Approval, (B) the Form of Notices Regarding the Sales and (C) the Form of Purchase and*

---

[1]    The Debtors in these chapter 11 cases are as follows: Trade Prosperity, Inc.; Toisa Limited; United Courage, Inc.; Trade Vision, Inc.; United Journey, Inc.; United Kalavryta, Inc.; Trade Sky, Inc.; Trade Industrial Development Corporation; United Honor, Inc.; Trade Will, Inc.; United Leadership Inc.; United Seas, Inc.; United Dynamic, Inc.; United Emblem, Inc.; United Ideal Inc.; Trade Unity, Inc.; Trade Quest, Inc.; Trade Spirit, Inc.; Trade Resource, Inc.; United Ambassador, Inc.; Edgewater Offshore Shipping, Ltd.; United Banner, Inc.; Toisa Horizon, Inc.; and Trade and Transport Inc.

*Sale Agreement* [Docket No. __] (the "<u>Offshore Sale Procedures Order</u>"),[2] authorizing the Debtors to sell certain of their offshore vessels (collectively, the "<u>Vessels</u>"), pursuant to the procedures set forth in the Offshore Sale Procedures Order.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Offshore Sale Procedures Order, the Debtors propose to enter into the transaction (the "<u>Sale</u>") described below, which involves the sale or transfer of _____ (the "<u>Vessel</u>") pursuant to the purchase and sale agreement attached to the Sale Order (as defined below) as Exhibit 1 (the "<u>Purchase Agreement</u>").  Below is a summary of the material terms of the Purchase Agreement:

- **<u>Vessel Being Sold:</u>**

- **<u>Seller</u>**:

- **<u>Purchaser (including whether the Purchaser is directly or indirectly owned or controlled by any of the Debtors' current or former shareholders, officers, directors or employees):</u>**

- **<u>Purchase Price:</u>**

- **<u>Conditions to Closing:</u>**

- **<u>Terms of Payment:</u>**

- **<u>Known Liens:</u>**

- **<u>Secured Vessel Lender and other parties holding or asserting Liens against the Vessel:</u>**

- **<u>Marketing Efforts:</u>**

- **<u>Broker Commission:</u>**

- **<u>Other Material Transaction Terms:</u>**

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Offshore Sale Procedures Order, the Debtors intend to seek entry of an order substantially in the form attached to this Notice as <u>Exhibit A</u> (the "<u>Sale Order</u>") authorizing the consummation of the Sale and granting relief pursuant to sections 363(f) and 363(m) of the Bankruptcy Code.

---

[2] Capitalized terms used, but not otherwise defined herein, shall take the meanings ascribed to them in the Offshore Sale Procedures Order.

**PLEASE TAKE FURTHER NOTICE** that, in support of the Sale Order and the relief set forth therein, the Debtors submit the Declaration of [Jonathan Minon Fawthrop], attached to this Notice as <u>Exhibit B</u> (the "<u>Fawthrop Declaration</u>") and the Declaration of Jonathan Mitchell, the Debtors' Chief Restructuring Officer, attached to this Notice as <u>Exhibit C</u> (the "<u>Mitchell Declaration</u>" and, together with the Fawthrop Declaration, the "<u>Supporting Declarations</u>") setting forth the factual basis for the relief requested in the Sale Order.

**PLEASE TAKE FURTHER NOTICE** that, consistent with the Offshore Sale Procedures Order and the Supporting Declarations, if the Bankruptcy Court enters an order granting relief pursuant to section 363(f) of the Bankruptcy Code, upon closing, the Vessel and related assets being sold shall be transferred pursuant to the Sale free and clear of all liens, claims, encumbrances and other interests (collectively, "<u>Liens</u>"), with such Liens attaching to the consideration received by the Debtors under the Purchase Agreement with the same force, validity, priority and effect as they currently exist immediately prior to such Sale.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Sale must be filed with this Court and served on: (a) counsel for the Debtors, Togut, Segal & Segal LLP, One Penn Plaza, Suite 3335, New York, New York 10119 (Attn: Frank A. Oswald, Esq.); (b) the Office of the United States Trustee, 201 Varick Street, Room 1006, New York, New York 10014 (Attn: Paul K. Schwartzberg, Esq.); (c) counsel to the Informal Committee, Cadwalader, Wickersham & Taft LLP, 200 Liberty Street, New York, New York 10281 (Attn: Gregory M. Petrick, Esq. and Michele C. Maman, Esq.); (d) counsel to the Creditors' Committee, Sheppard, Mullin, Richter & Hampton LLP, 30 Rockefeller Plaza, New York, New York 10112 (Attn: Craig A. Wolfe, Esq. and Jason R. Alderson, Esq.); (e) counsel to the Secured Lender, _____; and (f) all parties that filed a notice of appearance in these Chapter 11 Cases (collectively, the "<u>Objection Notice Parties</u>"), so as to be **actually received** on or before the date that is seven (7) calendar days following the date of this Notice (the "<u>Objection Deadline</u>"). If no written objection is filed with this Court and served on the Objection Notice Parties on or before the Objection Deadline, the Sale Order may be entered without the need for a Sale Hearing (as defined below), as provided for in the Offshore Sale Procedures Order.

[*Concluded on the following page*]

3

**PLEASE TAKE FURTHER NOTICE** that, in the event an objection to the Sale is timely filed and served in accordance with the above paragraph, a hearing to consider the Sale (the "Sale Hearing") shall be held before the Honorable Shelley C. Chapman, United States Bankruptcy Judge for the Southern District of New York, at the United States Bankruptcy Court, Courtroom 623, One Bowling Green, New York, New York 10004, at a date and time to be determined by the Court.

Dated:    New York, New York
          _____ __, 2018

                                    Toisa Limited, *et al.*
                                    Debtors and Debtors in Possession
                                    By their Counsel
                                    TOGUT, SEGAL & SEGAL LLP
                                    By:

                                    _____
                                    FRANK A. OSWALD
                                    BRIAN F. MOORE
                                    One Penn Plaza, Suite 3335
                                    New York, New York 10119
                                    Telephone: (212) 594-5000