# **EXHIBIT C**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
: 
In re:                                    :    Chapter 11
                                          :
TOISA LIMITED, *et al.*,                  :    Case No. 17-10184 (SCC)
                                          :
                          Debtors.[1]     :    (Jointly Administered)
                                          :
------------------------------------------------------------x

**DECLARATION OF JONATHAN MITCHELL IN SUPPORT OF THE DEBTORS' SALE OF THE *M.V. TRADE RESOURCE* TO PALMYRA SHIPPING INC.**

I, Jonathan Mitchell, under penalty of perjury, declare as follows:

1. I am a senior managing director of the firm Zolfo Cooper, LLC and, since January 29, 2018, I have been acting as the Chief Restructuring Officer of the above-captioned debtors and debtors in possession (collectively, the "Debtors").

2. I am authorized to make this declaration (this "Declaration") on behalf of the Debtors in support of an order approving the sale (the "Sale") of the Marshall Islands-flag vessel *M.V. Trade Resource* (the "Vessel") pursuant to the memorandum of agreement dated as of June 12, 2018 (the "Purchase Agreement") by and between Debtor Trade Resource, Inc., as seller (the "Seller"), and Palmyra Shipping Inc., as buyer (the "Buyer"), and to comply with Paragraph 3(l) of the Sale Procedures Order (as defined below).

3. Except as otherwise indicated, I have personal knowledge of the matters set forth herein and, if called as a witness, would testify competently thereto.[2]

---

[1] The Debtors in these Chapter 11 Cases are as follows: Trade Prosperity, Inc.; Toisa Limited; United Courage, Inc.; Trade Vision, Inc.; United Journey, Inc.; United Kalavryta, Inc.; Trade Sky, Inc.; Trade Industrial Development Corporation; United Honor, Inc.; Trade Will, Inc.; United Leadership Inc.; United Seas, Inc.; United Dynamic, Inc.; United Emblem, Inc.; United Ideal Inc.; Trade Unity, Inc.; Trade Quest, Inc.; Trade Spirit, Inc.; Trade Resource, Inc.; United Ambassador, Inc.; Edgewater Offshore Shipping, Ltd.; United Banner, Inc.; Toisa Horizon, Inc.; and Trade and Transport Inc.

**THE ING BULKER CREDIT FACILITY**

4.   Debtors Trade Unity Inc., Trade Resource Inc., Trade Prosperity Inc., Trade Quest Inc., and Trade Spirit Inc. (the "Five SPC Debtors") are borrowers under that certain senior secured credit facility, dated as of May 7, 2015, utilized to finance the vessels named Trade Quest, Trade Spirit, Trade Unity, Trade Prosperity, and Trade Resource (the "ING Bulker Credit Facility").  The ING Bulker Credit Facility has a term of seven (7) years and a rate of Libor + 1.9%.  As of the Petition Date, the unpaid principal balance on the ING Bulker Credit Facility was approximately $72,265,104.  Toisa's obligations under the ING Bulker Credit Facility are secured by liens on the vessels, including assignment of insurance and charters.  The lender under the ING Bulker Credit Facility is ING Bank N.V. ("ING" or the "Secured Lender").  ING is the agent and security trustee.  Toisa is a party to a guarantee dated as of May 7, 2015, pursuant to which it undertook to guarantee the Five SPC Debtors' obligations in connection with the ING Bulker Credit Facility.

**THE SALE PROCEDURES**

5.   On March 15, 2018, the Debtors filed a motion [Docket No. 507] (the "Sale Procedures Motion") seeking this Court's approval of procedures for the sale of their tankers and bulkers (collectively, the "Oceangoing Vessels") and the assignment of the contracts for the purchase of six (6) tankers currently under construction (the "Newbuild Contracts").  Contemporaneously with the Sale Procedures Motion, the Debtors filed an application [Docket No. 506] (the "Clarkson Retention Application") seeking authority to retain and employ the experienced shipbroker, H. Clarkson &

---

[2]   Certain of the disclosures herein relate to matters within the knowledge of other professionals of the Debtors and are based on information provided to me by them.

2

Company Limited ("<u>Clarkson</u>") to facilitate the sale of, and maximize the value obtained for, the Oceangoing Vessels and Newbuild Contracts.

6. On March 30, 2018, this Court entered an Order granting the relief requested in the Sales Procedure Motion [Docket No. 526] (the "<u>Sale Procedures Order</u>")[3] and on April 5, 2018 the Clarkson Retention Application [Docket No. 536].

7. Paragraph 3(l) of the Sale Procedures Order provides, in pertinent part, that "[t]he Debtors shall attach to each Sale Notice or Assignment Notice, as applicable. . . (b) a declaration from an officer of the Debtors containing factual support sufficient for the Court to find that: (i) the Sale constitutes a prudent exercise of the Debtors' business judgment; (ii) the Sale may be consummated free and clear of all Liens under section 363(f) of the Bankruptcy Code; (iii) the Purchaser is a good faith purchaser entitled to the protections of section 363(m) of the Bankruptcy Code. . . ." Sale Procedure Order, ¶ 3(l).

8. Additionally, Paragraph 6 of the Sale Procedures Order provides: "Notwithstanding the Court's approval of the Sale Procedures, the Debtors, in consultation with the Informal Committee, the Creditors' Committee and the applicable Secured Lender, may seek approval of an alternative transaction regarding an Oceangoing Vessel or Newbuild Contract, which may include negotiated bid protections with a prospective purchaser." Sale Procedures Order, ¶ 6.

---

[3] Capitalized terms not otherwise defined herein shall have the meaning ascribed to such terms in the Sale Procedures Order.

3

**STATEMENTS PURSUANT TO
PARAGRAPH 3(l) OF THE SALE PROCEDURES ORDER**

**I.     The Sale Constitutes a Prudent Exercise of the Debtors' Business Judgment.**

9.     I believe that the Sale is in the best interest of the Debtors and their estates and constitutes a prudent exercise of the Debtors' business judgment.

10.     As discussed more fully in the *Declaration of Philip Harding in Support of the Debtors' Sale of the M.V. Trade Resource to Palmyra Shipping Inc.* filed contemporaneously herewith (the "Harding Declaration"), Clarkson sufficiently marketed the Vessel by, among other things, transmitting notice of the Sale to its vast network of over 500 companies that Clarkson identified as potentially having an interest in acquiring the Vessel (collectively, "Potential Bidders").

11.     Additionally, on May 29, 2018, Clarkson caused notice that the deadline to submit a bid for the Vessel was June 11, 2018 (the "Bid Deadline") to be served on various parties in interest in the Chapter 11 Cases, as well as any Potential Bidders that expressed interest in purchasing the Vessel.

12.     The Debtors received three (3) bids for the Vessel from potential purchasers, all of which the Debtors determined constituted Qualified Bids in accordance with the Sale Procedures Order.

13.     Following the Bid Deadline, Clarkson contacted each bidder for the Vessel to induce such bidders to increase their bids. Following discussions with Clarkson, the Buyer agreed to increase its bid to $24,450,000 with charter attached, which was the highest and best offer received for the Vessel. The Debtors determined that the charter-attached price was the best price after evaluating anticipated damages claims that would be asserted by the counterparty in connection with the termination of the charter.

4

14. I reviewed all of the bids received for the Vessel prior to selecting Buyer's bid as the highest or best offer for the Vessel.

15. The Debtors, in consultation with the Debtors' professionals (including Clarkson) and counsel for the Informal Committee, the Creditors' Committee and the Secured Lender, selected Buyer's bid as the highest or otherwise best offer received for the Vessel on the basis that it provided the highest cash purchase price, and the Buyer offered reasonable assurances that the sale would close. The Secured Lender consented to the Sale of the Vessel to the Buyer.

16. I believe that the Buyer's offer is the highest or otherwise best offer received for the Vessel to date, is in line with the market for similar vessels, and constitutes reasonably equivalent value for the Vessel.

17. For these reasons, I believe that selling the Vessel to the Buyer pursuant to the terms set forth in the Purchase Agreement constitutes a prudent exercise of the Debtors' business judgment.

**II.     The Vessel Should be Transferred Free and Clear of all Liens, Claims, Encumbrances, and Other Interests Pursuant to Section 363(f) of the Bankruptcy Code.**

18. I believe consummation of the Sale and transfer of the Vessel free and clear of all liens, claims, encumbrances and other interests (collectively, "<u>Liens</u>") is appropriate pursuant to section 363(f) of the Bankruptcy Code. As of the date hereof, the only known Lien against or with respect to the Vessel is the Secured Lender's Lien pursuant to the ING Bulker Credit Facility. As noted above, the Secured Lender has consented to the Sale of the Vessel to the Buyer free and clear of all Liens. I am advised that the Secured Lender shall have a corresponding Lien on the proceeds of the Sale, and that all Liens on or against the Vessel and related assets being sold shall attach to

5

the consideration received by the Debtors under the Purchase Agreement with the same force, validity, priority and effect as they currently exist.

19. Further, I do not believe that the Buyer is a mere continuation of the Debtors or that the Sale constitutes a *de facto* merger.

### III. The Buyer Should Be Entitled to the Protections of Section 363(m) of the Bankruptcy Code

20. I believe the Buyer is a good faith purchaser for value and has otherwise acted in good faith in connection with the sale. Specifically: (i) the Buyer is not an "insider" of the Debtors, as that term is defined in the Bankruptcy Code; (ii) the Sale was negotiated at arm's-length and in good faith, and at all times each of the Buyer and the Debtors were represented by competent counsel of their choosing; (iii) the Buyer did not in any way induce or cause the filing of the Chapter 11 Cases; (iv) the consideration provided the Buyer pursuant to the Sale is fair and reasonable; and (v) the Sale is not the result of fraud or collusion.

21. Based on the foregoing, I believe the Buyer was acting in good faith within the meaning of 11 U.S.C. § 363(m) with respect to the Sale and is entitled to the protections thereof.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

DATED: August 14, 2018

                                                   /s/ *Jonathan Mitchell*
                                                 Jonathan Mitchell
                                                 Chief Restructuring Officer, Toisa Limited